William Carroll **MARROW**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10-04-00104-CR.

Court of Appeals of Texas, Waco.

June 15, 2005.

Discretionary Review Refused Sept. 14, 2005.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

A jury convicted William Carroll Marrow of three counts of aggravated sexual assault and a single count of indecency with a child. The jury assessed his punishment at sixty-five years' imprisonment on the three aggravated sexual assault counts and fifteen years' imprisonment on the indecency count. The court ordered that Marrow's sentences run consecutively.

Marrow contends in two issues that: (1) the cumulation of his sentences violates due process and due course of law because he did not receive notice of the State's intent to seek a cumulation order; and (2) the court's decision to cumulate his sentences violated his Sixth Amendment right to jury trial under *Apprendi v. New Jersey*[1] and its progeny because the cumulation order in effect caused his sentences to exceed the prescribed statutory maximum. We will affirm.

### Facts

After the punishment verdict was read in open court, the State asked the court "to consider cumulating at least part of the charges, if not all of them." Marrow responded with a general objection. The court ordered that the four sentences run consecutively.

### Notice of Intent to Seek Cumulative Sentences

Marrow contends in his first issue that the court's cumulation order violated

Richard G. Ferguson, Waco, for appellant.

1. 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

his rights to due process and due course of law because he received no prior notice of the State's intent to seek cumulative sentences. The State responds that Marrow's general objection did not suffice to preserve this issue for our review.

Marrow argues that his right to notice in this regard is a category two right under *Marin*[2] which cannot be forfeited unless expressly waived. We disagree. An allegation that the defendant's right to due process has been violated must be preserved by a timely, specific objection. *See Hull v. State*, 67 S.W.3d 215, 216–17 (Tex.Crim.App.2002); *Jaenicke v. State*, 109 S.W.3d 793, 795 n. 3 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd); *see also* TEX.R.APP. P. 33.1(a)(1). Marrow's objection was timely but not specific. Thus, Marrow failed to preserve this issue for appellate review. *See* TEX.R.APP. P. 33.1(a)(1); *Reyna v. State*, 99 S.W.3d 344, 348 (Tex.App.-Fort Worth 2003, pet. ref'd).

Accordingly, we overrule Marrow's first issue.

### Right To Jury Trial

■ Marrow contends in his second issue that the court's decision to cumulate his sentences violated his Sixth Amendment right to jury trial under *Apprendi* and its progeny because the cumulation order in effect caused his sentences to exceed the prescribed statutory maximum.

■ The State responds that Marrow's general objection failed to preserve this issue for appellate review. *See Turner v. State*, No. 05–04–00282–CR, 2004 WL 2802507, at *2, 2004 Tex.App. LEXIS 10673, at **3–4 (Tex.App.-Dallas Nov.30, 2004, pet. ref'd) (not designated for publication). We disagree.

■ Marrow's complaint focuses on the denial of his Sixth Amendment right to jury trial.[3] The constitutional right to jury trial is one which cannot be forfeited absent an express waiver. *See Sanchez v. State*, 120 S.W.3d 359, 366 (Tex.Crim.App. 2003); *Marin v. State*, 851 S.W.2d 275, 278–80 (Tex.Crim.App.1993). Thus, the general rules for preservation of error do not apply to this issue. *Id.*

■ According to *Apprendi* and its progeny, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. N.J.*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000). The federal appellate courts have uniformly rejected the contention that *Apprendi* is violated when a trial court orders the cumulation of sentences which individually lie within the statutory range of punishment but for which the cumulative total exceeds the prescribed statutory maximum for any single offense.[4]

---

**2.** 851 S.W.2d 275 (Tex.Crim.App.1993).

**3.** At oral argument and in post-submission letter briefs, the parties addressed the constitutionality of section 3.03 of the Penal Code, which governs a court's decision to cumulate sentences. Even with a liberal reading of Marrow's second issue however, this issue is not raised in the appellant's brief. Therefore, we do not address the "supplemental" contention that section 3.03 is unconstitutional on its face.

**4.** Texas courts have reached the same conclusion but only in unpublished decisions. *See Bray v. State*, No. 11–03–00364–CR, 2005 WL 283549 at *4, 2005 Tex.App. LEXIS 741 at **9–10 (Tex.App.-Eastland Jan.31, 2005, no pet.) (not designated for publication); *Peterson v. State*, No. 01–02–00603–CR, 2003 WL 22681607 at *5, 2003 Tex.App. LEXIS 9734 at **14–15 (Tex.App.-Houston [1st Dist.] Nov. 13, 2003, pet. ref'd); *Jaramillo v. State*, No. 04–01–00846–CR, 2003 WL 21395548 at *2, 2003 Tex.App. LEXIS 5067 at **3–6 (Tex. App.-San Antonio June 18, 2003, pet. ref'd).

*See e.g. U.S. v. Davis,* 329 F.3d 1250, 1253–55 (11th Cir.), *cert. denied,* 540 U.S. 925, 124 S.Ct. 330, 157 L.Ed.2d 225 (2003); *U.S. v. McWaine,* 290 F.3d 269, 275–76 (5th Cir.), *cert. denied,* 537 U.S. 921, 123 S.Ct. 311, 154 L.Ed.2d 210 (2002); *U.S. v. Feola,* 275 F.3d 216, 218–20 & n. 1 (2nd Cir.2001).

Marrow does not dispute that the sentence for each count lies within the prescribed statutory range. In view of the virtually unanimous federal authorities and the unpublished state authorities on this issue, we likewise conclude that no *Apprendi* violation is shown. Accordingly, we overrule Marrow's second issue.

We affirm the judgment.