Opinion issued May 11, 2006








     







In The
Court of Appeals
For The
First District of Texas




NOS. 01-05-00715-CR
          01-05-00716-CR




MARTIN CESAR LEAL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court 
Harris County, Texas
Trial Court Cause Nos. 1030508 and 1012077




MEMORANDUM OPINION 

          Following a joint jury trial on two separate indictments, appellant was
convicted of indecency with a child


 and aggravated sexual assault


 against C.L., the
complainant, who is appellant’s daughter. See Tex. Pen. Code Ann. § 21.11(a)
(Vernon 2003), § 22.021(a)(1)(B), (2)(B) (Vernon Supp. 2005). The jury assessed
punishment at 20 years’ confinement for the indecency-with-a-child offense and
assessed punishment at 60 years’ confinement for the aggravated-sexual assault
offense. The trial court ordered the sentences to run cumulatively. 
          In each appeal, appellant (1) contends that the trial court erred when it ruled
that appellant’s prior, probated felony conviction from Alabama was admissible for
impeachment purposes and (2) challenges the legal and factual sufficiency of the
evidence to support his convictions. In his appeal of the indecency-with-a-child
conviction, appellant also complains that the trial court erred in cumulating his
sentence in the indecency-of-with-a-child case with the sentence in the aggravated-sexual-assault case.
          We affirm. 
Background
          On the morning of October 31, 2004, seven-year-old C.L. went into her
parents’ bedroom. C.L. was wearing only her underwear because she had been hot
during the night. Appellant, who is C.L.’s father, was in the bedroom. Appellant put
C.L. on the bed and pulled C.L.’s underwear to the side and placed what C.L.
described as appellant’s “middle part” inside her “middle part.” C.L. told appellant
that it hurt, but appellant said nothing. Appellant then got some cream from a drawer
and put some of the cream on his penis. At that point, appellant’s wife, Erika, who
is C.L.’s mother, came into the room. 
          Erika saw C.L. lying on the bed. She also saw appellant standing near the bed,
very close to C.L. Appellant was looking at C.L. and had his shorts pulled down
around his knees, exposing his penis. Appellant turned away from Erika. Erika
noticed that C.L. looked scared and nervous. Erika asked C.L. if appellant had done
something to her. Appellant responded that nothing had happened. C.L. stared at
appellant but did not say anything. Appellant grabbed some dirty jeans from a basket
and tried to change the conversation. C.L. told her mother that appellant had pulled
her underwear to the side and had put his penis inside of her. Appellant told Erika
that C.L. was lying and that Erika should not believe her. Appellant then went into
the bathroom and took a shower. 
          Erika took C.L. into the child’s bedroom to talk to her. C.L. was nervous and
crying and again related to Erika what had occurred. C.L. also told Erika that, two
days before, when C.L. had been sleeping in her parents’ bed with Erika, appellant
had come into the room and had awakened her in the middle of the night. After
waking her, appellant had then made C.L. touch his penis. 
          Erika went to appellant and told him that they had to talk. Appellant again told
Erika that C.L. was lying and that Erika should believe him. Appellant got dressed
and went outside. At some point, Erika called her sister and told her what had
occurred. The sister then called their brother, who then called the City of Baytown
police.
          A Baytown police officer was dispatched to the home. Erika told the officer
what C.L. had related to her. The police officer told Erika that she should take C.L.
to the hospital for a rape kit to be performed. Erika took C.L. to Texas Children’s
Hospital where she was examined by Dr. Joseph Allen that same day. 
          Appellant was indicted for aggravated sexual assault for the incident that
occurred on October 31, 2004 when, as stated in the indictment, he placed “his sexual
organ in the female sexual organ” of C.L. Appellant was also indicted for indecency
with a child for making C.L. touch his penis with her hand. The two offenses were
tried together to a jury.
          At trial, C.L. testified that, on the morning of Halloween 2004, “[m]y dad put
me in the bed and he put his middle part inside my middle part.” Using anatomically
correct dolls, the prosecution established that C.L. called both the female and male
sexual organs “the middle part.” When asked whether appellant had put his middle
part “all the way inside your middle part” or a “little bit inside your middle part,” C.L.
responded “a little bit.” C.L. confirmed that appellant had put his “middle part” in
the “hole” in her “middle part.” C.L. testified that it had hurt.
          C.L. also told the jury that on another occasion she was asleep in her parents’
bed with her mother. She testified that appellant had been in the other room watching
television. Appellant came into the bedroom and woke up C.L. According to C.L.,
appellant had placed her hand inside his boxer shorts and forced her to touch his
“middle part.” 
          Erika told the jury that, on the morning of October 31, 2004, she had walked
into the bedroom and had seen C.L. lying on the bed with appellant standing near her
exposing his penis. Erika testified that C.L. told her that appellant had pulled her
underwear to the side and had put his penis inside of her. Erika stated that C.L. had
also related to her that appellant had awakened C.L. a couple of days earlier and had
made her touch his penis.
          Dr. Allen also testified at trial. He testified that his examination had revealed
that C.L. had redness on the sides of her genital area. Dr. Allen told the jury that the
redness was consistent with the description offered by C.L. that appellant had put his
“middle part” inside her “middle part.” When asked whether “penetration” of C.L.’s
sexual organ had occurred in this case, Dr. Allen stated that he believed that it had. 
Dr. Allen testified that he understood “penetration” to occur when “the plane of the
labia” is broken. According to Dr. Allen, the medical evidence in this case was
consistent with the penetration of C.L.’s labia.
Impeachment
          Appellant raises the identical first two points of error in each appeal. Appellant
contends that the trial court erred by ruling that it would allow the State to impeach
him with his prior, probated felony conviction from Alabama for “trafficking in
cannabis.” In his first point of error, appellant relies on Texas Rule of Evidence
609(c)(2) and asserts that “[t]he trial court committed reversible error in ruling
appellant’s prior probated felony conviction admissible for impeachment purposes,
where the probation period had expired prior to trial, and where the State failed to
offer any evidence or proof as to why the probation would be admissible.” In his
second point of error, appellant contends that the prior probated felony conviction
was inadmissible pursuant to Texas Rule of Evidence 609(a) because the prejudicial
effect of the conviction outweighed its probative value. 
          On the second day of trial, appellant filed in each case a “Motion to Testify
Free from Impeachment” in response to the State’s notice that it would seek to
impeach appellant with “his prior convictions and bad acts.” Appellant asserted that
the trial court should determine “whether the probative value of the prior convictions
and bad acts are outweighed by their prejudicial value.” In support of the motion,
appellant argued and applied the factors enunciated in Theus v. State, 845 S.W.2d 874
(Tex. Crim. App. 1992). 
          Also on the second day of trial, the trial court conducted a hearing outside the
presence of the jury on appellant’s motion. Appellant argued that, under the factors
found in Theus, his prior, probated felony conviction should not be admitted. 
Appellant also argued that evidence of the conviction should not be admitted because
uncertainty existed as to whether it was a “final” conviction, whether appellant had
successfully competed the probation, and whether the conviction had been dismissed
following completion of his probation. At the conclusion of the hearing, the trial
court denied appellant’s motion. 
          Appellant’s Theus motion and his oral arguments offered at the hearing were,
in substance and relief sought, a motion in limine. See Johnson v. State, 981 S.W.2d
759, 760 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d). Neither the granting nor
denial of a motion in limine is alone sufficient to preserve error for appellate review;
error is properly preserved by objecting at the very time the evidence is offered at trial
before the trier of fact. Webb v. State, 760 S.W.2d 263, 275 (Tex. Crim. App. 1988). 
To raise and preserve a claim of improper impeachment through prior convictions,
we have previously held that the defendant must actually testify. Morgan v. State,
891 S.W.2d 733, 735 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d); see also Luce
v. United States, 469 U.S. 38, 42, 105 S. Ct. 460, 463 (1984) (holding that defendant
must actually testify to preserve error on improper impeachment under Federal Rule
of Evidence 609(a)). Without a factual record of the defendant’s testimony, a
reviewing court is unable to weigh the probative value of the impeachment evidence
against its prejudicial effect. Morgan, 891 S.W.2d at 735; see also Luce, 469 U.S. at
41, 105 S. Ct. at 463. Because appellant did not testify at trial, the prior conviction
was never offered; therefore, any possible harm from the trial court’s in limine rulings
would be entirely speculative. See Luce, 469 U.S. at 41–42, 105 S. Ct. at 463. 
          Appellant further contends the trial court’s ruling prevented him from
testifying. Despite appellant’s contention, nothing in the record shows appellant’s
decision not to testify was motivated solely by the trial court’s preliminary ruling. An
accused’s decision not to testify seldom turns on a single factor; therefore, a
reviewing court cannot assume an adverse ruling motivated a defendant’s decision
not to testify. Id. 469 U.S. at 42, 105 S. Ct. at 463. We hold that, because he did not
testify, appellant waived any complaints about the trial court’s in limine rulings
regarding the use of his prior, probated felony conviction for impeachment purposes. 
See Morgan, 891 S.W.2d at 735.
          We overrule the first and second points of error in each appeal.
Sufficiency of the Evidence
          In his third and fourth points of error, appellant challenges the legal and factual
sufficiency of the evidence as to each offense.
A.      Standards of Review
          A legal-sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152,
155 (Tex. App.—Houston [1st Dist.] 1997, no pet.). Although our analysis considers
all of the evidence presented at trial, we may not re-weigh the evidence and substitute
our judgment for that of the fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex.
Crim. App. 2000).
          In a factual-sufficiency review, we view all of the evidence in a neutral light,
and we will set the verdict aside only if the evidence is so weak that the verdict is
clearly wrong and manifestly unjust or if the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met. Escamilla v.
State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144
S.W.3d 477, 481 (Tex. Crim. App. 2004)). We must defer appropriately to the
fact-finder to avoid substituting our judgment for its judgment. Zuniga, 144 S.W.3d
at 481–82. Our evaluation may not intrude upon the fact-finder’s role as the sole
judge of the weight and credibility accorded any witness’s testimony. Cain v. State,
958 S.W.2d 404, 407 (Tex. Crim. App. 1997). As the evaluator of credibility and
demeanor, the fact-finder alone determines what weight to place on contradictory
testimonial evidence. Id. at 408. The fact-finder may choose to believe all, some, or
none of the testimony presented. Id. at 407. In conducting a factual-sufficiency
review, we must discuss the evidence that, according to appellant, most undermines
the jury’s verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
B.      Indecency with a Child
          1.       Legal Sufficiency Analysis
          In his third point of error with regard to his indecency-with-a-child conviction,
appellant contends that the evidence is legally insufficient to support his conviction
because C.L.’s testimony incriminating appellant was not credible. 
          As mentioned, C.L. testified that one night while she was asleep in her parents’
bed with her mother, appellant came into the bedroom and awoke her. C.L. told the
jury that appellant then forced her to place her hand inside his boxer shorts and touch
his “middle part,” which the State established was appellant’s “male sexual organs.”


 
          Appellant contends that this testimony is uncorroborated by either medical
evidence or a witness to the act. However, such corroborating evidence is not
required. The testimony of a child victim alone is sufficient to support a conviction
for indecency with a child. See Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon
2005); Perez v. State, 113 S.W.3d 819, 838 (Tex. App.—Austin 2003, pet. ref’d). 
Appellant asserts that, “at some point the credibility [of] the complainant is so
undermined that a reviewing court cannot have confidence in a verdict supported
solely by the complainant’s testimony.” Other than arguing that C.L.’s testimony was
uncorroborated, appellant offers nothing to show why C.L.’s credibility was “so
undermined.” 
          The jury is the sole judge of the credibility of witnesses and of the strength of
the evidence. Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). We act
only to ensure that the jury reached a rational decision. Muniz v. State, 851 S.W.2d
238, 246 (Tex. Crim. App. 1993). Viewing the evidence in the light most favorable
to the verdict, we conclude that a rational trier of fact could have found beyond a
reasonable doubt all the essential elements of the offense of indecency with a child. 
See Tex. Pen. Code Ann. § 21.11(a) (listing elements of indecency with a child). 
Thus, we hold that the evidence was legally sufficient to support appellant’s
conviction for indecency with a child. 
          We overrule the third point of error in appellant’s appeal of his indecency-with-a-child conviction.
          2.       Factual Sufficiency Analysis
          In his fourth point of error with regard to his indecency-with-a-child
conviction, appellant contends that the evidence is factually insufficient to support
his conviction because C.L.’s testimony incriminating appellant was not credible. 
Again, appellant asserts that the testimony is not credible because there was no
“scientific or other evidence” to corroborate C.L.’s testimony and because no one else
witnessed the act. The lack of physical or forensic evidence is a factor for the jury
to consider in weighing the evidence. See Johnson v. State, 176 S.W.3d 74, 78 (Tex.
App.—Houston [1st Dist.] 2004, pet. ref’d) (holding that differences in witness
testimony and lack of physical evidence are factors for jury to consider in weighing
evidence). As discussed above, the State presented evidence, through C.L.’s
testimony, that appellant committed the offense of indecency with a child. See Tex.
Pen. Code Ann. § 21.11(a). Appellant cites no evidence that he contends
undermines C.L.’s testimony or the jury’s verdict. 
          An appellate court may not reweigh the evidence—including reviewing the
credibility of witnesses. Cain, 958 S.W.2d at 407. As the determiner of the
credibility of the witnesses, the fact-finder may choose to believe all, some, or none
of the testimony presented. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App.
1986). Here, the jury found C.L. to be a credible witness and chose to believe her
version of the events.
          When viewed in a neutral light, we conclude that the evidence is not so weak
that the verdict is clearly wrong and manifestly unjust; neither was the contrary
evidence so strong that the standard of proof beyond a reasonable doubt could not
have been met. See Escamilla, 143 S.W.3d at 817. We hold, therefore, that the
evidence was factually sufficient to support appellant’s conviction for indecency with
a child. 
          We overrule the fourth point of error in appellant’s appeal of his indecency-with-a-child conviction.
C.      Aggravated Sexual Assault
          1.       Legal Sufficiency Analysis
          In his third point of error with regard to his aggravated sexual assault
conviction, appellant also contends that the evidence is legally insufficient to support
his conviction because C.L.’s testimony incriminating appellant was not credible. 
          As described, C.L. told the jury that appellant stuck his “middle part” in her
“middle part” and described the events surrounding the assault. Appellant initially
contends that C.L.’s testimony is uncorroborated by either testimony or other
evidence. Appellant then acknowledges that C.L.’s testimony is corroborated by
Erika’s testimony that she walked in to see C.L. lying on the bed with appellant
standing nearby exposing his penis and by Dr. Allen’s testimony that the redness in
C.L.’s genital area was consistent with C.L.’s sexual assault claim. Appellant asserts,
however, that the “record fails to show that any exposure to the complainant [of
appellant’s penis] was not accidental.” Appellant also points out that Dr. Allen’s
“observations were also consistent with other causes” of the redness in C.L.’s genital
area. 
          As set forth above, a legal-sufficiency challenge requires us to view the
evidence in the light most favorable to the verdict. Johnson, 23 S.W.3d at 7. We are
also prohibited from re-weighing the evidence and substituting our judgment for that
of the fact-finder. King, 29 S.W.3d at 562. Appellant’s arguments with regard to
Erika’s and Dr. Allen’s testimony are not in keeping with these standards. 
          In any event, C.L.’s testimony alone was sufficient to support the aggravated-sexual-assault conviction. It is well-established that a child victim’s testimony alone
is sufficient evidence to support a conviction for aggravated sexual assault. Tex.
Code Crim. Proc. Ann. art. 38.07(Vernon 2005); Perez, 113 S.W.3d at 838; Empty
v. State, 972 S.W.2d 194, 196 (Tex. App.—Dallas 1998, pet. ref’d). 
          Appellant also asserts that, “at some point the credibility [of] the complainant
is so undermined that a reviewing court cannot have confidence in a verdict supported
solely by the complainant’s testimony.” Other than arguing that C.L.’s testimony was
not sufficiently corroborated, appellant does not show how C.L.’s credibility was “so
undermined.” 
          Viewing the evidence in the light most favorable to the verdict, we conclude
that a rational trier of fact could have found beyond a reasonable doubt all the
essential elements of the offense of aggravated sexual assault. See Tex. Pen. Code
Ann. § 22.021 (listing elements of aggravated sexual assault). Thus, we hold that the
evidence was legally sufficient to support appellant’s conviction for aggravated
sexual assault. 
          We overrule the third point of error in appellant’s appeal of his aggravated-sexual-assault conviction.
          2.       Factual-Sufficiency Analysis
          In his fourth point of error with regard to his aggravated-sexual-assault
conviction, appellant again contends that the evidence is factually insufficient to
support his conviction because C.L.’s testimony incriminating appellant was not
credible. Appellant asserts that Erika’s testimony shows only that appellant was
“accidently exposing himself to the complainant.” We disagree. Though it was free
to draw such conclusion, the jury also could have reasonably concluded that
appellant’s penis was exposed because he had just sexually assaulted C.L. Such
conclusion would have been supported by Erika’s testimony that appellant was
standing very close to C.L., he was looking at C.L., and he quickly turned away from
Erika when she entered the bedroom.
          Appellant also contends that “the scientific evidence was simply not persuasive
enough to tip the balance in favor of the complainant’s testimony.” We presume that
appellant is referring to the testimony of Dr. Allen, who testified that the medical
evidence was consistent with C.L.’s claim of sexual assault. On cross-examination,
Dr. Allen stated that redness in a girl’s genital area can be caused by chemical
irritation or infection. However, Dr. Allen also testified that it would be unusual for
chemical irritation or an infection to result in redness that had a symmetrical pattern
like what he observed on C.L. 
          When viewed in a neutral light, we conclude that the evidence is not so weak
that the verdict is clearly wrong and manifestly unjust; neither was the contrary
evidence so strong that the standard of proof beyond a reasonable doubt could not
have been met. See Escamilla, 143 S.W.3d at 817. We hold the evidence to be
factually sufficient to support appellant’s aggravated-sexual-assault conviction.
          We overrule the fourth point of error in appellant’s appeal of his aggravated-sexual-assault conviction.
Cumulation of Sentences
          In his fifth point of error in the appeal of his indecency-with-a-child conviction,
appellant contends that the trial court’s cumulation order violates his Sixth
Amendment right to a trial by jury because there was no jury finding beyond a
reasonable doubt or an admission in open court that the offenses arose out of the same
criminal episode. 
          Appellant acknowledges that the trial court had the authority to cumulate his
sentences pursuant to Penal Code section 3.03(b)(2)(a). Nonetheless, he contends
that the order violated his right to a trial by jury because there was no jury finding
beyond a reasonable doubt or an admission by him in court that the offenses arose out
of the same criminal episode. In support of his contention, appellant cites Apprendi
v. New Jersey for its holding that “[o]ther than the fact of a prior conviction, any fact
that increases the penalty for a crime beyond the prescribed statutory maximum must
be submitted to a jury, and found beyond a reasonable doubt.” 530 U.S. 466, 490,
120 S. Ct. 2348, 2362–63 (2000). Appellant also relies on United States v. Booker,
in which the Supreme Court reaffirmed its hold in Apprendi, as follows: “Any fact
(other than a prior conviction) which is necessary to support a sentence exceeding the
maximum authorized by the facts established by a plea of guilty or a jury verdict must
be admitted by the defendant or proved to a jury beyond a reasonable doubt.” 543
U.S. 220, 244, 125 S. Ct. 738, 756 (2005). 
          In analyzing appellant’s contentions, we first note that appellant does not
correctly read section 3.03. Texas trial courts have the discretion to order cumulative
sentences in nearly every case. See Tex. Code Crim. Proc. Ann. art. 42.08(a)
(Vernon Supp. 2005). The principal exception to this rule is found in Penal Code
section 3.03(a), which provides that if a defendant is found guilty at a single trial of
more than one offense arising out of the same criminal transaction, the sentences for
each offense must run concurrently. Tex. Pen. Code Ann. § 3.03(a) (Vernon 2003).
“Section 3.03(b)(2)(A) creates an exception to this exception; that is, it exempts
certain offenses, including indecency with a child and aggravated sexual assault of
a child, from the application of section 3.03(a).” Millslagle v. State, 150 S.W.3d 781,
784 (Tex. App.—Austin 2004, pet. dism’d) (citing Tex. Pen. Code Ann.
3.03(b)(2)(A)). Due to the nature of the offenses for which appellant was convicted,
the trial court was authorized to cumulate the sentences regardless of whether the
offenses arose out of the same criminal episode.
          Second, appellant’s Apprendi-Booker argument is without merit. The focus in
the Apprendi line of cases “is on whether the trial court, rather than the jury, has made
a fact finding that causes the sentence imposed to exceed the statutory maximum for
a single count.” Baylor v. State, NO. 04–04–00759–CR, 2006 WL 228635, at *3
(Tex. App.—San Antonio Feb. 1, 2006, no pet. h.) (designated for publication) (citing
Unites States v. McWaine, 290 F.3d 269, 276 (5th Cir. 2002)). As noted by the Waco
Court of Appeals: “The federal appellate courts have uniformly rejected the
contention that Apprendi is violated when a trial court orders the cumulation of
sentences which individually lie within the statutory range of punishment but for
which the cumulative total exceeds the prescribed statutory maximum for any single
offense.” Marrow v. State, 169 S.W.3d 328, 330–31 (Tex. App.—Waco 2005, pet.
ref’d). The court also noted that, at that time, Texas courts had reached the same
conclusion, but only in unpublished cases. Id. at 331 n.4. 
          Adopting the holding of the cited federal and unpublished state authorities, the
court in Marrow concluded that no Apprendi violation was shown when the appellant
did not dispute that the sentence for each count was within statutory range. Id. In
Tyson v. State, the Fort Worth Court of Appeals agreed with Marrow, “and the federal
authority and unpublished state cases cited in Marrow,” to support its holding that the
trial court did not violate Apprendi and its progeny when it stacked a defendant’s
sentences in accordance with article 42.08 and section 3.03(b). 172 S.W.3d 172, 177 
(Tex. App.—Fort Worth 2005, pet. ref’d).
          Appellant does not dispute that the sentence for each offense lies within the
prescribed statutory range. We agree with the holdings of Marrow and Tyson and
conclude that the trial court did not violate the standards found in Apprendi and
Booker when it stacked appellant’s sentences in accordance with article 42.08 and
section 3.03(b)(2)(A). Thus, we hold that the trial court’s cumulation order did not
violate appellant’s Sixth Amendment right to a trial by jury. 
          We overrule appellant’s fifth point of error.
Conclusion
          We affirm the judgments of the trial court.




                                                   Laura Carter Higley
                                                   Justice

Panel consists of Justices Taft, Higley, and Bland

Do not publish. Tex. R. App. P. 47.2(b).