IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00260-CR

 

Aurelio Hernandez Aguilar,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2005-220-C

 



Opinion



 








          A jury convicted Aurelio Hernandez
Aguilar of six offenses involving sexual acts with his stepdaughter R.G.  The
jury assessed his punishment at forty-five years’ imprisonment for a single
count of aggravated sexual assault, ten years’ imprisonment for each of two
counts of indecency with a child and two counts of sexual assault, and fifteen
years’ imprisonment for an additional count of sexual assault.  The court
ordered several of the sentences to run consecutively.   Aguilar contends in
two issues that: (1) his Sixth Amendment right to jury trial was violated under
Apprendi and its progeny because the jury was not asked to determine
whether the sentences should run consecutively; and (2) his sentence for Count
4 is invalid because the court failed to pronounce sentence for this offense. 
We will affirm.

Right to Jury Trial

          Aguilar contends in his first issue
that his Sixth Amendment right to jury trial was violated under Apprendi and
its progeny because the jury was not asked to determine whether the sentences
should run consecutively.  He acknowledges that this Court has already decided
this issue against him in a similar case.  See Marrow v. State, 169
S.W.3d 328, 330-31 (Tex. App.—Waco 2005, pet. ref’d), cert. denied, ___ U.S. ___, 126 S. Ct. 1147, 163 L. Ed. 2d 1006 (2006).  Nevertheless, he contends that Marrow
should be re-examined in light of the Supreme Court’s more recent decision in United
States v. Booker. 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

          In Apprendi v. New Jersey, the
Supreme Court struck down a New Jersey hate crime statute because it permitted
the trial judge to impose punishment on a person convicted by a jury of a
second-degree weapons crime at the level provided for a first-degree crime if
the judge found by a preponderance of the evidence that the defendant possessed
the weapon to intimidate the victim because of a particular characteristic of
the victim.  530 U.S. 466, 491, 120 S. Ct. 2348, 2363, 147 L.
Ed. 2d 435 (2000).  The Court held, “Other than the fact of a prior conviction, any
fact that increases the penalty for a crime beyond the prescribed statutory
maximum must be submitted to a jury, and proved beyond a reasonable doubt.”  Id. at 490, 120 S. Ct. at 2362-63.

          In Blakely v. Washington, the
Court extended Apprendi to the State of Washington’s determinate sentencing
scheme.  542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).  There, the trial
court imposed “an exceptional sentence” beyond the standard punishment range
for second-degree kidnapping after finding that the defendant had acted with
“deliberate cruelty.”  Id. at 298-300, 124 S. Ct. at 2534-35.  The Court
found that this sentencing scheme violated Apprendi because it permitted
the court to impose a sentence greater than the maximum that could be imposed
“solely on the basis of the facts reflected in the jury verdict or admitted by
the defendant.”  Id. at 303-04, 124 S. Ct. at 2537.

          In Booker, the Court logically
extended Blakely to the federal sentencing guidelines.  543 U.S. at 243, 125 S. Ct. at 755.  To remedy this constitutional deficiency, the Court deleted those
provisions of the guidelines which made them mandatory and effectively rendered
them advisory.  Id. at 245-46, 125 S. Ct. at 756-57.

          Aguilar contends that “Booker
expanded Apprendi in ways not previously imagined.”  Appellant’s Brief
at 4.  We disagree.  As we explained in Marrow, the statutory maximum
for each offense remains unchanged regardless of whether the trial court orders
the defendant to serve the sentences sequentially rather than concurrently.  See
Marrow, 169 S.W.3d at 330-31.  This Court and others have rejected similar
arguments since Booker was decided.  See Manzano v. State, No.
10-04-00323-CR, 2006 Tex. App. LEXIS 1285, at *12-13 (Tex. App.—Waco Feb. 15, 2006, pet. filed); see also United States v. Fifield, 432 F.3d 1056,
1066-67 (9th Cir. 2005), cert. denied, ___ U.S. ___, 126 S. Ct. 1937,
164 L. Ed. 2d 684 (2006); United States v. Carr, No. 02-0106 (JDB), 2006
U.S. Dist. LEXIS 6407, at *16-17 (D.D.C. Feb. 21, 2006) (mem. op.); Leal v.
State, No. 01-05-00715-CR, 2006 Tex. App. LEXIS 4088, at *22-24 (Tex.
App.—Houston [1st Dist.] May 11, 2006, pet. filed) (not designated for
publication).[1]

          Each of Aguilar’s sentences lies
within the prescribed statutory range.  Accordingly, we conclude that his Sixth
Amendment right to jury trial was not violated.  Thus, we overrule his first
issue.

Pronouncement of Sentence

          Aguilar contends in his second issue that
his sentence for Count 4 is invalid because the court failed to pronounce
sentence for this offense.  Thus, Aguilar contends that the court’s cumulation
order is invalid because it orders his sentence for Count 5 to begin after he
has completed his sentence for Count 4 and his sentence for Count 4 to begin after
he has completed his sentence for Count 1.

          Article 42.03, section 1(a) of the
Code of Criminal Procedure provides that “sentence shall be pronounced in the
defendant’s presence.”  Tex. Code Crim.
Proc. Ann. art. 42.03, § 1(a) (Vernon Supp. 2005).[2] 
When the defendant is convicted of more than one offense in the same
proceeding, the court must pronounce whether the sentences will run
concurrently or consecutively.  See id. art. 42.08 (Vernon Supp. 2005); Ex
parte Madding, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002); Nicholas v.
State, 56 S.W.3d 760, 767 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d). 
The court’s written judgment serves only to memorialize the oral pronouncement.
 Madding, 70 S.W.3d at 135 (citing Coffey v. State, 979 S.W.2d 326,
328 (Tex. Crim. App. 1998)); accord Taylor v. State, 131 S.W.3d 497, 500
(Tex. Crim. App. 2004).

          The Court of Criminal Appeals held in Coffey
that “when there is a variation between the oral pronouncement of sentence
and the written memorialization of the sentence, the oral pronouncement
controls.”  Coffey, 979 S.W.2d at 328; accord Taylor, 131 S.W.3d at
500.  Application of this rule can be seen in Thompson v. State, where,
though the defendant was convicted of two counts, the trial court pronounced
sentence on only one count but signed a written judgment imposing identical
sentences for both counts.  108 S.W.3d 287, 289 (Tex. Crim. App. 2003).  The
Court of Criminal Appeals affirmed the lower court’s decision to dismiss the
appeal as to the count for which no sentence had been pronounced.  Id. at 288-89.

          Here, the jury returned a punishment
verdict assessing punishment for each of the six counts Aguilar was convicted
of.  The court pronounced sentence as follows:

          Aurelio Hernandez Aguilar, the jury
having found you guilty, the Court finds you guilty and assesses your
punishment therefor at confinement in the Institutional Division of the Texas
Department of Criminal Justice on Count 1 for a term of 45 years.  Count 2, you
are sentenced to a period of 10 years in the Institutional Division of the
Texas Department of Corrections [sic].  Count 3, it’s the sentence of the Court
that you be confined in the Institutional Division of the Texas Department of
Criminal Justice for a period of 10 years.  It is also the sentence of the
Court, the jury having found you guilty and assessed your punishment, sentences
you to confinement in the Institutional Division of the Texas Department of
Criminal Justice for a period of 10 years.  Count 5, the jury having found you
guilty and assess your punishment in the Institutional Division of the Texas
Department of Criminal Justice for a period of 10 years, sentences you to a
period of 10 years.  Count 6, the jury having found you guilty and assessed
your punishment on Count 6 at confinement in the Institutional Division of the
Texas Department of Criminal Justice for a term of 15 years, the Court
sentences you to a term of 15 years.

 

          I’m going to grant the State’s motion
to have the sentences run consecutively.  In other words, they will be
accumulating, and they will be stacked to the extent permissible by law.

 

          Aguilar contends that, because the
trial court omitted an express reference to “Count 4” during pronouncement, the
court failed to pronounce sentence on this count.  We disagree.

          Coffey stands for the
proposition that, if there is a “variation” between the oral pronouncement and
the written judgment, the pronouncement will control.  However, we do not agree
that every “variation” will necessarily invoke the rule pronounced in Coffey. 
Rather, we read Coffey to mean that, if there is a conflicting
variation, the oral pronouncement will control.  Cf. Taylor, 131 S.W.3d at
500 (“When there is a conflict between the oral pronouncement of
sentence and the sentence in the written judgment, the oral pronouncement
controls.”) (emphasis added); Thompson, 108 S.W.3d at 290 (same).

          Here, the pronouncement is ambiguous. 
In this situation, we hold that the jury’s punishment verdict, the court’s
pronouncement, and the written judgment should be read together in an effort to
resolve the ambiguity.  Cf. Ward v. State, 143 S.W.3d 271, 276 (Tex. App.—Waco 2004, pet. ref’d) (if it is argued that jury findings conflict, “appellate
court must give a jury verdict a liberal construction, and, if the jury’s
intention may be reasonably ascertained, the verdict is sufficient”); Luna
v. State, 70 S.W.3d 354, 359 (Tex. App.—Corpus Christi 2002, pet. ref’d) (“jury’s
verdict should be held good if the jury’s intention can reasonably be
ascertained”); Perez v. State, 21 S.W.3d 628, 631 (Tex. App.—Houston
[14th Dist.] 2000, no pet.) (same).

          Here, the jury convicted Aguilar and
assessed punishment for each of the six counts pleaded in the indictment. 
Aside from the trial court’s omission of the phrase “Count 4,” the court’s
pronouncement corresponds to the jury’s punishment verdict.  The written
judgment unambiguously imposes sentence for each count, consistent with the jury’s
verdict and not inconsistent with the court’s pronouncement.

          Therefore, we hold that the ambiguity
in the court’s pronouncement of sentence does not create a conflict sufficient
to invoke the rule of Coffey and its progeny.  Accordingly, we overrule
Aguilar’s second issue.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed July 26, 2006

Publish

[CRPM]

 









[1]
          Several courts from other states
have likewise reached this conclusion after Booker.  See, e.g.,
Vandergriff v. State, 125 P.3d 360, 361-63 (Alaska Ct. App. 2005); People
v. Black, 113 P.3d 534, 549-50 (Cal. 2005); State v. Abdullah, 878
A.2d 746, 756-57 (N.J. 2005); State v. Louis, 120 P.3d 936, 940-41 (Wash. 2005); cf. State v. Foster, 109 Ohio St. 3d 1, 2006 Ohio 856, 845 N.E.2d 470,
at ¶¶ 65-67 (Ohio statute for consecutive sentencing, which requires specific
findings, violates Blakely).

 





[2]
          This requirement is mandatory in
felony cases.  In misdemeanor cases, sentence may be pronounced in the
defendant’s absence.  See Tex.
Code Crim. Proc. Ann. art. 42.03, § 1(a) (Vernon Supp. 2005), art. 42.14
(Vernon 1979).








p. 1996).
      Sylvia testified she heard appellant, her boyfriend, whom she had known for eleven years,
banging on her door telling her to let him in. She knew appellant’s voice, opened the door,
and appellant hit her again and again. A neighbor told Sylvia’s mother that Sylvia was being
beat up by her boyfriend. The mother ran to Sylvia’s apartment and saw appellant walking out
of Sylvia’s apartment. She yelled to appellant, followed him around the corner and saw him
flee. She identified appellant at trial as the man she knew as Sylvia’s boyfriend leaving
Sylvia’s apartment the morning Sylvia was assaulted. Additionally, medical records were
introduced containing statements by Sylvia that her boyfriend caused her injuries by hitting
her.
      There was no evidence from the defense that was contrary to the State’s evidence. The
evidence is both legally and factually sufficient to support the element of identity of appellant
as the perpetrator.
      Points 2 and 3 are overruled.
      The State asserts a cross point that the judgment in Cause No. 10-00-142-CR contains a
clerical error in stating injury to an invalid, whereas it should state injury to a disabled person. 
The State requests we modify the judgment to read as a conviction for injury to a disabled
person.
      The State’s cross point is sustained.
      The judgment is modified to read as a conviction for injury to a disabled person.

      As modified, the judgment is affirmed.


                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Gray, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed November 1, 2000
Do not publish