**Motion for En Banc Reconsideration Denied; Dissenting Opinion on Denial of Motion for En Banc Reconsideration filed May 16, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00594-CR

---

**ALFRED T MOLIERE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 8
Harris County, Texas
Trial Court Cause No. 2120891**

---

## DISSENTING OPINION ON DENIAL OF MOTION FOR EN BANC RECONSIDERATION

Moliere was indicted for assault family violence (a Class A misdemeanor), the jury returned a verdict of guilty, the trial court entered judgment, and a panel of this court affirmed.[1] While Moliere seeks en banc reconsideration on several

---

[1] Because a majority of the justices who participated in the decision of the case is no longer on the court, any motion for rehearing would have been denied, Tex. R. App. P. 49.3.

grounds, I believe the primary relevant question is limited to whether *Apprendi*[2] demands that a jury determine whether the alleged crime involved family violence and that question was answered by the jury when it convicted Moliere for misdemeanor assault involving family violence. The trial court permissibly took judicial notice of the conviction under the plain terms of Code of Criminal Procedure article 42.013. Nonetheless, I would grant en banc reconsideration to address two material errors in the panel's opinion that appear to threaten "the uniformity of the court's decisions." *See* Tex. R. App. P. 41.2 (c).

### 1. Illegal sentences can be attacked for the first time on appeal.

Moliere argues the panel incorrectly concluded, "that appellant's sentence was not illegal and thus he cannot rely on that doctrine to raise his issue on appeal." *Moliere v. State,* No. 14-17-00594-CR, 2018 WL 6493882, at *2 (Tex. App.—Houston [14th Dist.] Dec. 11, 2018, no pet. h.). Specifically, he argues the panel's assessment "puts the cart before the horse" because "[t]he ability to raise an illegal-sentence issue on appeal does not depend on whether the appellate court ultimately finds the illegal-sentence issue to be meritorious." I agree with Moliere and conclude the panel's opinion improperly implies a defendant's illegal-sentence claim must be meritorious before it can be raised as an issue on appeal.

### 2. The panel's opinion misstates relevant law.

The panel concluded that, "To establish that his sentence is illegal, [Moliere] must first establish that the statute is facially unconstitutional." *Id*. I emphatically reject this contention as a misstatement of law that is predicated upon cases that do not stand for the proposition presented.

In *Mizell v. State*, the Texas Court of Criminal Appeals considered an appeal

---

[2] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

from a $0 fine based on a conviction for official oppression; because the fine was outside of the statutory range created by Penal Code section 12.21 (concerning the punishment range for Class A misdemeanors), the $0 fine was an illegal sentence "that ha[d] no legal effect". *Mizell v. State,* 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (en banc). At no time was the constitutionality of the official oppression statute (or section 12.21) ever implicated; in fact, the word "Constitution" (and all variants thereof) is absent from the Court of Criminal Appeals's opinion. Therefore, I dissent from this court's refusal to grant en banc reconsideration because I believe the panel opinion is contrary to controlling law.

Furthermore, the panel opinion cites three cases in support of its conclusion that Moliere must first prove the statute is unconstitutional before he can attack his illegal sentence: *Karenev v. State,* 281 S.W.3d 428 (Tex. Crim. App. 2009); *Ex parte Beck,* 541 S.W.3d 846 (Tex. Crim. App. 2017); and *Massoth v. State,* Nos. 14-03-00605-CR, 14-03-00606-CR, No. 2004 WL 1381027 (Tex. App.—Houston [14th Dist.] June 22, 2004, pet. ref'd) (mem. op., not designated for publication). Although the opinion's language is perhaps unintentionally imprecise, none of these decisions expressly stands for the cited conclusion of law; instead, the proposition is an incorrect statement of law that should be corrected by the en banc court. More specifically:

- *Karenev* simply stands for the proposition that a facial challenge to the constitutionality of a statute cannot be raised for the first time on appeal.

- *Massoth* involved a criminal defendant who lodged a generalized objection under *Apprendi* to his two life sentences being stacked by the trial court. There, this court held a generalized objection was insufficient to preserve the issue for appeal; contrary to the panel opinion's implication, however,

*Massoth* neither involved nor mentioned an alleged "illegal sentence".[3]

- *Ex parte Beck* involved an exception to the general rule concerning waiver when the statute at issue has already been declared unconstitutional, but did not involve or mention illegal sentences.

Because Texas Rule of Appellate Procedure 49.3 precludes a panel rehearing, I would grant en banc reconsideration to correct these two errors ourselves, rather than leave it to the Court of Criminal Appeals.

/s/    Meagan Hassan
Justice

(Justices Zimmerer, Spain, and Poissant join this dissenting opinion; Chief Justice Frost and Justices Christopher, Wise, and Jewell vote to deny the motion for en banc reconsideration) (Justice Bourliot not sitting).

Publish — Tex. R. App. P. 47.2(b).

---

[3] I believe the panel opinion's use of *Massoth* for the proposition that illegal sentences can only be attacked by a showing that the sentence is facial unconstitutional is both contrary to controlling case law and a dangerous misrepresentation of this court's prior opinions. To the extent the panel simply intended for its citation to stand for the proposition that Moliere has not preserved his issue for appeal, this position is contrary to binding case law and the apparently ambiguous meaning of *Massoth* should be clarified.

The panel opinion's citation to *Massoth* was only the second in Texas jurisprudence. The other case citing *Massoth* is *Lacy v. State*, Nos. 14-05-00775-CR, 14-05-00776-CR, 14-05-00777-CR & 14-05-00778-CR, 2006 WL 2862156 (Tex. App.—Houston [14th Dist.] Oct. 10, 2006, no pet.) (mem. op., not designated for publication). *Lacy* expressly acknowledged the relevant holding in *Massoth* is at odds with decisions from the Austin and Waco Courts of Appeals. *See id*. at *2 n.1. This court's opinion in *Lacy* further noted that the Texas Court of Criminal Appeals denied petitions for review from both this court in *Massoth* and the Waco Court of Appeals in *Marrow v. State,* 169 S.W.3d 328, 330 (Tex. App.—Waco 2005, pet. ref'd).