James **ROBINSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–84–00268–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 29, 1986.

Franklin X. Dean, San Antonio, for appellant.

Sam Millsap, Jr., Karen Amos, Daniel Thornberry, Criminal Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and TIJERINA and DIAL, JJ.

## OPINION

DIAL, Justice.

The defendant was convicted by a jury for the offense of burglary of a habitation. To one prior conviction alleged for enhancement the defendant pleaded "true." Punishment was assessed by the jury at forty-five (45) years' confinement.

The appellant's first ground of error complains of the refusal of the trial judge to permit the appellant to have separate juries pass on the issue of guilt/innocence and the issue of punishment. Before the commencement of the voir dire of the jury panel the appellant moved orally that separate juries for the guilt/innocence and punishment phases be impanelled. After the jury returned a verdict of guilty, the appellant made a similar request in a written motion. The appellant's contention then and now was that by having the same jury determine guilt/innocence and punishment, he was deprived of an adequate voir dire of the prospective jurors on the alleged enhancement of punishment without prejudicing his rights to an impartial jury on the issue of guilt/innocence.

The appellant's right to a full and fair voir dire of the jury panel is well established. But appellant's attempt to extend this right to a necessity for impanelling a second jury during the punishment phase of the trial is without authority. Indeed the state and federal constitutional right of a trial by jury does not extend to the right to have a jury assess punishment. *Bullard v. State,* 548 S.W.2d 13, 19–20 (Tex.Crim.App.1977). *See Spaziano v. Florida,* 468 U.S. 447, 104 S.Ct. 3154, 3163, 82 L.Ed.2d 340, 353 (1984) (holding death sentence not constitutionally required to be imposed by a jury). Our procedural laws are crafted so that the trier of fact is concerned solely with the issue of guilt of a particular offense uninfluenced by evidence that the defendant may have habitually engaged in other misconduct. But the rules of evidence applicable to the sentencing process are relaxed and much broader in scope. *Williams v. New York,* 337 U.S.

241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). Appellant's only remedy is with the Legislature.

Ground of error one is overruled.

■ Appellant's second ground of error relates to his motion in limine concerning prior convictions. The motion asks that the prosecution not be permitted to refer in any manner to prior convictions of the defendant until a hearing had been held outside the presence of the jury to determine whether the prior conviction was a felony or a misdemeanor involving moral turpitude, whether it occurred while the defendant was a juvenile, whether it was too remote to have bearing on present credibility, whether the prejudicial effect would outweight the probative relevance on credibility, and whether the defendant was the same person who committed the alleged prior offense. This motion obviously was intended to shield the defendant from cross-examination and impeachment as a witness with prior convictions without a preliminary hearing. However, the ground of error is directed at the State reading the enhancement count to the jury at the beginning of the punishment phase. The motion in limine was not sufficiently specific to inform the trial judge that the defendant desired a hearing on the enhancement allegations before they were read to the jury. Furthermore, the defendant entered a plea of "true" to the enhancement paragraph in the indictment. Any error is waived. *Dinn v. State*, 570 S.W.2d 910, 915 (Tex. Crim.App.1978). Ground of error two is overruled.

The third ground of error complains of the trial court denying appellant's motion to quash in that the indictment does not properly allege that the entry into the habitation was without the effective consent of the owner. The indictment alleges in pertinent part that the appellant: "Did then and there intentionally and knowingly enter a habitation, and therein attempt to commit and committed theft, without the effective consent of Alfonso C. Peeler, the owner of said habitation ..." TEX.PENAL CODE ANN. § 30.02 (Vernon Supp.1985) provides in part: "(a) A person commits an offense if without the effective consent of the owner, he: ... (3) enters a building or habitation and commits or attempts to commit a felony or theft."

■ The indictment tracks the language of the statute and is sufficient unless the facts sought by the motion to quash are essential to give notice. *Santana v. State*, 658 S.W.2d 612, 613 (Tex.Crim.App.1983). The motion to quash alleged:

The indictment is defective in that it fails to allege an offense in that it does not allege that defendant's entry into the habitation was 'without the effective consent of the owner.' Entry into a habitation without the effective consent of the owner is an essential element of the offense of burglary. The State's allegation in said indictment that the attempt to commit and commission of theft was 'without the effective consent of the owner' is not sufficient to allege that entry was without said consent.

The motion to quash is not seeking additional facts. It apparently is complaining that the State did not insert the phrase "without the effective consent of the owner" after the phrase "enter a habitation."

We fail to see how the appellant was not put on notice of what he was charged or was misled or harmed in any way. The third ground of error is overruled.

■ The fourth ground of error complains that the indictment is fundamentally defective because the first paragraph does not conclude "against the peace and dignity of the State."

Suffice to say that the indictment consists of two paragraphs written on two pages. The requisite concluding language follows the second paragraph. The indictment is sufficient.

The judgment of conviction is affirmed.

CADENA, J., concurs.

CADENA, Justice, concurring.

I agree that the indictment is sufficient. It merely goes beyond the statutory requirements and alleges that the entry and the intention to commit theft, or the commission of theft, were without the owner's consent.