No. 04-99-00705-CR



EX PARTE Kenneth PORTS



From the County Court at Law No. 4, Bexar County, Texas


Trial Court No. 702826


Honorable Sarah Garrahan-Moulder, Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Alma L. López, Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: March 29, 2000


AFFIRMED


 Kenneth Ports was charged by information with committing the offense of indecent exposure.
This offense is prohibited by section 21.08 of the Texas Penal Code. See Tex. Pen. Code Ann. §
21.08 (Vernon 1994). Ports challenged the constitutionality of section 21.08 by application for writ
of habeas corpus and the trial court denied the application. Ports appealed.

 Section 21.08 provides that a person commits the offense of indecent exposure "if he exposes
his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person,
and he is reckless about whether another is present who will be offended or alarmed by his act." Id.
§ 21.08(a) (emphasis added). Ports contends that section 21.08 is unconstitutionally vague because
the Penal Code does not define the term "offended" and "alarmed." Ports argues that the absence of
definitions for these terms leaves the decision of what constitutes "offended" and "alarmed" to the
caprice of law enforcement officers, judges and juries.

 When considering the constitutionality of a statute, the court of appeals presumes the statute
is valid and the legislature has not acted unreasonably or arbitrarily in enacting the statute. See Ex
parte Granviel, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978). The burden rests on the party
challenging the statute to establish its unconstitutionality. Id. The court will uphold the statute if it
can determine a reasonable construction which will render the statute constitutional and carry out
the legislative intent. See Ely v. State, 582 S.W.2d 416, 419 (Tex. Crim. App. 1979). A statute
which forbids an act in terms so vague that men of common intelligence must guess as to its meaning
and differ as to its application is unconstitutionally vague. See Ely, 582 S.W.2d at 419. A statute is
not rendered unconstitutionally vague merely because all words or terms are not specially defined.
See Powell v. State, 538 S.W.2d 617, 619 (Tex. Crim. App. 1976), rev'd on other grounds, Gardner
v. State, 699 S.W.2d 831 (Tex. Crim. App. 1985).

 In the instant case, Ports relies on the absence of definitions for terms "offended" and
"alarmed." Where undefined by the applicable statute, terms are given their plain and ordinary
meaning. See Courtemanche v. State, 507 S.W.2d 545, 546 (Tex. Crim. App. 1974). Words defined
in dictionaries and with meanings so well known as to be understood by a person of ordinary
intelligence are not to be considered vague and indefinite. See Powell, 538 S.W.2d at 619. Certainly,
the words "offended" and "alarmed" are terms with meanings that are well-known by people of
ordinary intelligence. While an actor may be unaware that some acts may alarm or offend another
person, exposing one's anus or genitals with the intent to arouse or gratify a person's sexual desire
is not the type of conduct that leaves an actor unaware that such conduct might be alarming or
offensive. Even if an actor believes such conduct is acceptable, the State is not required to prove that
the person who was present when the actor engaged in the proscribed conduct was either offended
or alarmed. Rather, the State must prove that the actor was "reckless about whether another is
present who will be offended or alarmed by [the] act." Tex. Pen. Code Ann. § 21.08; Wallace v.
State, 550 S.W.2d 89, 91) (Tex. Crim. App. 1977). Rather than serving as an element of the offense,
whether a person is present who would be alarmed or offended by the actor's conduct is relevant to
whether the actor was "reckless" in his conduct. As a result, section 21.08 nonetheless gives people
of ordinary intelligence fair notice that such contemplated conduct is forbidden by the statute despite
the absence of definitions for the words "offended" and "alarmed." See Adley v. State, 718 S.W.2d
682, 685 (Tex. Crim. App. 1985). Because the statute gives fair notice that the proscribed conduct
is forbidden, we find that section 21.08 is not unconstitutionally vague. As a result, we affirm the
trial court's order denying Ports's application for writ of habeas corpus.


 Alma L. López, Justice

PUBLISH