**Roland A. BAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–04–00759–CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 1, 2006.

Donald J. Mach, Law Office of Donald J. Mach, San Antonio, for appellant.

Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

Roland Baylor appeals the sentence imposed by the trial court after he was convicted of aggravated robbery. The jury assessed punishment at 60 years imprisonment, and the trial court in imposing sentence ordered the 60–year sentence to run consecutive to a 50–year sentence previously imposed in Cause No.2003–CR–9966A, in which Baylor was convicted of attempted capital murder. On appeal, Baylor argues that the trial court abused

its discretion when it denied his motion to declare unconstitutional Texas Code of Criminal Procedure article 42.08, which authorizes consecutive sentencing in the trial court's discretion, and thereafter cumulated Baylor's sentences. TEX.CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon Supp. 2004–05). We affirm the trial court's judgment.

### BACKGROUND

Baylor pled guilty to aggravated robbery and elected to have a jury assess his punishment. The jury assessed a 60–year term of imprisonment. The State filed a motion to cumulate Baylor's sentence with the sentence imposed in the attempted capital murder case. At sentencing, Baylor made an oral motion to declare article 42.08 of the Texas Code of Criminal Procedure unconstitutional and opposed the State's request for stacking of the sentences; the motion was overruled. TEX. CODE CRIM. PROC. ANN. art. 42.08(a). The court then imposed the 60–year sentence recommended by the jury and ordered that it run consecutive to the 50–year sentence imposed in the attempted capital murder case. Baylor appealed.

### ANALYSIS

█ Baylor raises one issue on appeal: whether the trial court abused its discretion when it denied his motion to declare Texas Code of Criminal Procedure article 42.08[1] unconstitutional, and thereafter cumulated his sentences. TEX.CODE CRIM. PROC. ANN. art. 42.08 (Vernon Supp.2004–05). Baylor broadly argues that by stacking the sentences, the trial court "unconstitutionally invaded the province of the jury and/or [applied] a constitutionally abusive procedure."

---

1. It is clear from the record that Baylor intends to attack article 42.08, although he erroneously refers to article 48.02 in his appellant's brief.

When reviewing an attack on the constitutionality of a statute, we begin with a presumption that the statute is constitutional and the legislature has not acted unreasonably or arbitrarily. *Luquis v. State*, 72 S.W.3d 355, 365 n. 26 (Tex.Crim. App.2002) (citing *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex.Crim.App.1978)). The burden is on the party challenging the statute to establish its unconstitutionality. *Id.* at 365; *Ex parte Ports*, 21 S.W.3d 444, 446 (Tex.App.-San Antonio 2000, pet. ref'd). The court will uphold the statute if it can determine a reasonable construction that renders the statute constitutional and carries out the legislature's intent. *Ex parte Ports*, 21 S.W.3d at 446 (citing *Ely v. State*, 582 S.W.2d 416, 419 (Tex.Crim.App. 1979)). In addition, we review the trial court's decision to impose consecutive sentences for an abuse of discretion. *Macri v. State*, 12 S.W.3d 505, 511 (Tex.App.-San Antonio 1999, pet. ref'd).

Article 42.08(a) of the Texas Code of Criminal Procedure provides in relevant part as follows:

> When the same defendant has been convicted in two or more cases, . . . *in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate,* or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly. . . .

TEX.CODE CRIM. PROC. ANN. art. 42.08(a) [emphasis added].

The Court of Criminal Appeals has repeatedly upheld the constitutionality of article 42.08. *See Hammond v. State*, 465 S.W.2d 748, 752 (Tex.Crim.App.1971) (holding article 42.08 does not deprive an appellant of his constitutional right to due process and is constitutional, and noting that cumulative sentences have been held valid in Texas since 1881); *see also Johnson v. State*, 492 S.W.2d 505, 506 (Tex. Crim.App.1973) (holding article 42.08 is constitutional even without certain standards set forth to guide courts in the exercise of their discretion). This court has likewise held that consecutive sentencing does not violate due process. *See Martinez v. State*, 656 S.W.2d 103, 107 (Tex.App.-San Antonio 1983, pet. ref'd). A defendant has no "right" to a concurrent sentence. *Carney v. State*, 573 S.W.2d 24, 27 (Tex.Crim.App.1978). It is solely within the discretion of the trial court to determine whether punishment will run concurrently or cumulatively under certain circumstances. *Pettigrew v. State*, 48 S.W.3d 769, 770 (Tex.Crim.App. 2001). Baylor has failed to meet his burden of proving the statute violates his constitutional right to due process.

With respect to Baylor's argument that cumulative sentencing under article 42.08 deprives him of his constitutional right to trial by jury, we note that a defendant's constitutional right to a jury trial does not include the right to have the jury assess the punishment. *Johnson*, 492 S.W.2d at 506–07; *Robinson v. State*, 705 S.W.2d 293, 294 (Tex.App.-San Antonio 1986, no pet.). Moreover, the Court of Criminal Appeals has held that cumulative sentencing by the trial judge, as authorized by article 42.08, does not conflict with the right to trial by jury. *Johnson*, 492 S.W.2d at 506.

In support of his argument that the federal and state constitutions require the jury to decide whether to cumulate sentences, Baylor relies on the Supreme Court's opinion in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d

403 (2004), which applied the *Apprendi* rule. Under the rule established in *Apprendi v. New Jersey*, any fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *see Ex parte Boyd*, 58 S.W.3d 134, 136 (Tex.Crim.App.2001) (adopting the rule laid out in *Apprendi*). In *Blakely*, the Court stated that the "statutory maximum" for purposes of *Apprendi* is "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely*, 542 U.S. at 303, 124 S.Ct. 2531. The Court held that Blakely's sentence of more than three years above the statutory maximum based on a finding of deliberate cruelty was a violation of the Sixth Amendment right to a jury trial because the facts supporting the deliberate cruelty finding were neither admitted by the defendant nor found by a jury. *Id.* at 303–04, 124 S.Ct. 2531.

Baylor's *Apprendi–Blakely* argument must fail. The focus in *Apprendi* and *Blakely* is on whether the trial court, instead of the jury, has made a fact finding that causes the sentence imposed to exceed the statutory maximum *for a single count*. *See United States v. McWaine*, 290 F.3d 269, 276 (5th Cir.), *cert. denied*, 537 U.S. 921, 123 S.Ct. 311, 154 L.Ed.2d 210 (2002). As noted by one of our sister courts, the federal appellate courts have uniformly rejected the argument that *Apprendi* is violated when a trial court cumulates sentences that individually fall within the statutory range of punishment for the particular offense, but for which the cumu-

lative total exceeds the statutory maximum for any single offense. *Marrow v. State*, 169 S.W.3d 328, 330–31 (Tex.App.-Waco 2005, pet. ref'd), *pet. for cert. filed* Nov. 12, 2005. Likewise, this court, along with several of the other intermediate appellate courts, has similarly held that cumulative sentencing does not violate the principle of *Apprendi* as long as any individual sentence does not exceed the statutory maximum. *See Lurati v. State*, No. 04–04–00410–CR, 2005 WL 291471 at *2 (Tex. App.-San Antonio Feb.9, 2005, no pet.) (not designated for publication); *Jaramillo v. State*, No. 04–01–00846–CR, 2003 WL 21395548 at *2 (Tex.App.-San Antonio June 18, 2003, pet. ref'd) (not designated for publication); *see also Marrow*, 169 S.W.3d at 331 (and cases cited therein); *Tyson v. State*, 172 S.W.3d 172, 177 (Tex. App.-Fort Worth 2005, pet. ref'd); *Millslagle v. State*, 150 S.W.3d 781, 785 (Tex.App.-Austin 2004, pet. dism'd).

Here, Baylor does not dispute that the individual sentences assessed were within the statutory range for each offense.[2] While article 42.08(a) gives the trial court authority, in its discretion, to cumulate a defendant's sentences under certain circumstances, it does not authorize sentencing in excess of the statutory maximum prescribed for each individual sentence, and therefore does not violate *Apprendi* and *Blakely*. Tex.Code Crim. Proc. Ann. art. 42.08(a). The trial court's judgment cumulating Baylor's sentences under article 42.08(a) did not cause Baylor's sentence for the instant offense to exceed the statutory maximum, and does not violate his right to trial by jury.

Because Baylor has failed to overcome the presumption that article 42.08 is constitutional, and has not shown the trial

---

2. Aggravated robbery and attempted capital murder are both first degree felonies with a statutory punishment range of five to 99 years, or life. Tex. Pen.Code Ann. § 12.32 (Vernon 2003).

court abused its discretion in cumulating his sentences, we overrule his sole issue. The judgment of the trial court is affirmed.