Affirmed and Memorandum Opinion filed October 10, 2006








Affirmed and Memorandum Opinion filed October 10, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00775-CR

NO. 14-05-00776-CR

NO. 14-05-00777-CR

NO. 14-05-00778-CR

____________

 

CHRISTOPHER EARL LACY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause Nos. 1005035,
1005034, 996267, 996266

 



 

M E M O R A N D U M   O P I N I O N

Appellant Christopher Earl Lacy appeals his convictions for
aggravated kidnapping and aggravated sexual assault of a child under the age of
fourteen.  See Tex. Penal Code
Ann. '' 20.04, 22.021 (Vernon 2003).  In a single issue,
appellant complains the trial court violated his Sixth Amendment right to a
jury trial and Fourteenth Amendment right to due process by cumulating his
sentences to exceed the statutory maximum without a jury=s fact finding
beyond a reasonable doubt.  We affirm.    








I.  Factual and Procedural Background

A jury convicted appellant of aggravated kidnapping and of
three separate offenses of aggravated sexual assault of a child under the age
of fourteen.  See Tex. Penal Code
Ann. '' 20.04, 22.021.  The court then heard punishment
evidence for the convicted offenses, each of which constituted a first degree
felony carrying a maximum punishment of ninety-nine years= confinement.  See
id. ' 12.32(a) (Vernon
2003).  Thereafter, the trial court sentenced appellant to fifty years= confinement for
each offense.  The court ordered the fifty-year aggravated kidnapping sentence
and the first fifty-year aggravated sexual assault sentence to run concurrently
and stacked the remaining two fifty-year sexual assault sentences.  In other
words, two of the sexual assault sentences were ordered to run consecutively
and begin after appellant served the first two concurrent sentences. 
Therefore, the court effectively sentenced appellant to 150 years= confinement.  

Appellant now appeals the trial court=s sentence, claiming
that cumulating his aggravated sexual assault sentences to exceed the statutory
maximum without a jury finding violates Apprendi v. New Jersey, 530 U.S.
466, 490 (2000).    

II.  Standard of Review








Article 42.08 of the Code of Criminal Procedure grants the
trial court broad discretion to cumulate sentences for two or more
convictions.  See Tex. Code Crim.
Proc. Ann. art. 42.08 (Vernon Supp. 2006); Nicholas v. State, 56
S.W.3d 760, 764 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d) (citing Smith
v. State, 575 S.W.2d 41, 41 (Tex. Crim. App. [Panel Op.] 1979)). 
Accordingly, we review a trial court=s cumulation order
under an abuse of discretion standard.  Harvey v. State, 821 S.W.2d 389,
392 (Tex. App.CHouston [14th Dist.] 1991, pet. ref=d).  AA trial court abuses
its discretion when it applies an erroneous legal standard or when no
reasonable view of the record supports the trial court=s conclusion under
the correct law and facts viewed in the light most favorable to its legal
conclusion.@  Nicholas, 56 S.W.3d at 764 (citing DuBose
v. State, 915 S.W.2d 493, 497B98 (Tex. Crim.
App. 1996)).  AAs a practical matter, however, an abuse of discretion
generally will be found only if the trial court imposes consecutive sentences
where the law requires concurrent sentences, where the court imposes concurrent
sentences but the law requires consecutive ones, or where the court otherwise
fails to observe the statutory requirements pertaining to sentencing.@  Id. at
765.  ASo long as the law
authorizes the imposition of cumulative sentences, a trial judge has absolute
discretion to stack sentences.@  Id. 

III.  Analysis

Appellant contends the trial court violated Apprendi,
where the Supreme Court held, AOther than the fact of a prior conviction,
any fact that increases the penalty for a crime beyond the prescribed statutory
maximum must be submitted to a jury, and proved beyond a reasonable doubt.@  530 U.S. at
490.  Specifically, he claims the trial court made a preliminary, implicit fact
finding that he committed the aggravated sexual assaults as part of the Asame criminal
episode,@ which thereby authorized
the court to stack the sentences for these offenses.  See Tex. Penal Code Ann. '' 3.01,
3.03(b)(2)(A) (Vernon Supp. 2006).  Thus, appellant argues, because the Asame criminal
episode@ finding and
corresponding cumulation order propelled his cumulated sentence beyond the
statutory maximum for the individual offenses, he had a right under Apprendi
to have a jury make such finding beyond a reasonable doubt.  

Initially we address whether appellant failed to preserve
error for our review.  Generally, a party must raise error in the trial court
and obtain an adverse ruling to preserve the error for appellate review.  Tex. R. App. P. 33.1.  Further, a
complaint on appeal must comport with the complaint at trial.  Id.; Routier
v. State, 112 S.W.3d 554, 586 (Tex. Crim. App. 2003).  Appellant made no
objections to the trial court=s cumulation order during sentencing;
therefore, he waived his Apprendi complaint.[1]













Even had appellant preserved error, his reliance on Apprendi
is misplaced for several reasons.  First, appellant incorrectly alleges the
trial court made an Apprendi-type fact finding; he arrives at such
conclusion by misconstruing the Penal Code=s parameters
regarding cumulation orders.  Under Texas law, a trial court generally has
absolute discretion to cumulate sentences.  See Tex. Code Crim. Proc. Ann. art. 42.08 (Vernon Supp. 2006); Smith
v. State, 575 S.W.2d 41, 41 (Tex. Crim. App. [Panel Op.] 1979); Nicholas,
56 S.W.3d at 764.  However, Texas Penal Code section 3.03(a) limits such
discretion, providing that A[w]hen the accused is found guilty of more
than one offense arising out of the same criminal episode prosecuted in a
single criminal action, a sentence for each offense for which he has been found
guilty shall be pronounced.  Except as provided by Subsection (b), the
sentences shall run concurrently.@  Tex. Penal Code Ann. ' 3.03(a) (emphasis
added).  Notwithstanding section 3.03(a)=s limitation,
section 3.03(b)(2)(A) enumerates specific offensesCincluding
aggravated sexual assault of a child under the age of seventeenCfor which a trial
court is not limited in its discretion to cumulate sentences for offenses
arising out of the same criminal episode.[2] 
See id. '' 3.03(b)(2)(A), 22.021.  Thus, whether the
offenses in section 3.03(b)(2)(A) derive from the same criminal episode does
not affect the trial court=s discretion to cumulate sentences for
such offenses.  Millslagle v. State, 150 S.W.3d 781, 785 (Tex. App.CAustin 2004, pet.
dism=d); Leal v.
State, No. 01-05-00715-CR, 2006 WL 1275909, at *7 (Tex. App.CHouston [1st
Dist.] May 11, 2006, pet. filed) (not designated for publication).  As such,
contrary to appellant=s assertion, the trial court=s authority to
cumulate the aggravated sexual assault sentences did not hinge on an implicit
finding of fact that the offenses arose out of the same criminal episode.








Second, appellant mistakenly analogizes Apprendi by
mischaracterizing the effect of the trial court=s cumulation order
as having increased punishment Abeyond the prescribed statutory maximum.@  See Apprendi,
530 U.S. at 490.  AThe focus in Apprendi . . . is on
whether the trial court, instead of the jury, has made a fact finding that
causes the sentence imposed to exceed the statutory maximum for a single
count.@  Baylor v. State, 195 S.W.3d 157, 160 (Tex.
App.CSan Antonio 2006,
no pet.) (citing United States v. McWaine, 290 F.3d 269, 276 (5th Cir. 2002));
see, e.g., Ex parte Boyd, 58 S.W.3d 134, 136 (Tex. Crim. App.
2001) (finding Apprendi violation where trial court, during sentencing
for single aggravated assault charge, made affirmative finding that defendant
chose victim because of bias or prejudice, which, per statute, increased range
of penalties from those for second-degree felony to first-degree felony). 
However, both federal and state courts have consistently found no Apprendi violation
where Aa trial court
orders the cumulation of sentences which individually lie within the statutory
range of punishment but for which the cumulative total exceeds the
prescribed statutory maximum for any single offense.@  Baylor,
195 S.W.3d at 160 (emphasis added); see, e.g., United States v.
McWaine, 290 F.3d 269, 276 (5th Cir. 2002); Tyson v. State, 172
S.W.3d 172, 176B77 (Tex. App.CFort Worth 2005,
pet. ref=d); Marrow v.
State, 169 S.W.3d 328, 330B31 (Tex. App.CWaco 2005, pet.
ref=d); see also
Leal, 2006 WL 1275909, at *8; Garza, 2006 WL 1707965, at *1; Jaramillo
v. State, No. 04‑01‑00846‑CR, 2003 WL 21395548, at *1B2 (Tex. App.CSan Antonio June
18, 2003, pet. ref=d) (not designated for publication). 
Here, the trial court did not impose punishment beyond the statutory range for
any of appellant=s convicted offenses; rather, the court
remained well within the ninety-nine-year statutory maximum in assessing
punishment at fifty years for each offense.  The court, in its discretion,
merely instructed whether appellant would serve the sentences concurrently or
consecutively.  See Tex. Code
Crim. Proc. Ann. art. 42.08; Branson v. State, 525 S.W.2d 187,
189 (Tex. Crim. App. 1975).  Accordingly, that appellant=s cumulative jail
time exceeds the statutory maximum of ninety-nine years for each of his
individual offenses does constitute an Apprendi violation. 








Finally, even had the trial court=s finding of a Asame criminal
episode@ somehow increased
appellant=s punishment beyond the statutory range for his
convicted offenses, the State did not deny his right to have a jury make such
determinations in violation of Apprendi.  See Apprendi, 530 U.S.
at 490.  Generally, defendants may request the jury to assess punishment.  See
Tex. Code Crim. Proc. Ann.
art. 37.07, ' (2)(b) (Vernon 2005) (A[W]here the
defendant so elects in writing before the commencement of the voir dire
examination of the jury panel, the punishment shall be assessed by the . . .
jury . . . .@).  However, defendants may waive such right, if done
so knowingly, intelligently, voluntarily, and expressly.  See id. art.
1.13B.15 (Vernon
2005).  See generally Guillett v. State,  677 S.W.2d 46, 49 (Tex. Crim.
App. 1984).  Before trial, appellant elected to have the trial court assess
punishment and thereby affirmatively waived his right to a jury during
punishment.  Consequently, because appellant expressly designated the trial court
as fact-finder during punishment, his contention that, under Apprendi, a
jury should have made fact findings during punishment lacks merit.  See Harris
v. State, No. 08-01-00426-CR, 2003 WL 1386946, at *3 (Tex. App.CEl Paso Mar. 20,
2003, pet. ref=d) (not designated for publication) (holding Apprendi
did not apply where appellant elected trial court to assess punishment); Heathcock
v. State, No. 14-02-00899-CR, 2003 WL 21710468, at *2 n.1 (Tex. App.CHouston [14th
Dist.] July 24, 2003, pet. ref=d) (not designated for publication)
(distinguishing appellant=s case from Apprendi on grounds
appellant chose to forgo right to jury during punishment phase of trial); cf.
Blakely v. Washington, 542 U.S. 296, 310 (2004) (A[A] defendant who
stands trial may consent to judicial factfinding as to sentence enhancements .
. . .@); United
States v. Milam, 443 F.3d 382, 387 (4th Cir. 2006) (AIf the defendant
expressly waives his Sixth Amendment rights, consents to factfinding by the
court, or admits the fact otherwise committed to the jury, the Sixth Amendment
protections are avoided.@).

We conclude that appellant failed to preserve his Apprendi
complaint for our review by failing to object at the trial court.  Had
appellant preserved his complaint, we further conclude that his reliance on Apprendi
is misplaced.        

We overrule appellant=s sole issue and affirm
the trial court=s judgment.       

 

 

 

 

 

 

/s/        Leslie Brock Yates

Justice

 

 

 

 

Judgment rendered and Memorandum
Opinion filed October 10, 2006.

Panel consists of Chief Justice
Hedges and Justices Yates and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 









[1]  We note that the intermediate courts appear split over whether a
defendant waives an Apprendi complaint by failing to raise an objection
in the trial court.  Compare Massoth v. State, No. 14-03-00605-CR, 2004
WL 1381027, at *2 (Tex. App.CHouston [14th Dist.] June 22, 2004, pet. ref=d) (not designated for publication)
(holding that appellant waived Apprendi complaint because objection made
no references to Apprendi or its substance and thus gave trial court no
opportunity to rule on such complaint), White v. State, No. 2‑02‑143‑CR,
2003 WL 865351, at *3 (Tex. App.CFort Worth Mar. 6, 2003, pet. ref=d) (not designated for publication)
(same), Turner v. State, No. 05-04-00282-CR, 2004 WL 2802507, at *1B2 (Tex. App.CDallas Nov. 30, 2004, pet. ref=d) (not designated for publication)
(holding that appellant waived Apprendi complaint by failing to object
in trial court), and Macias v. State, No. 08-02-00533-CR, 2004 WL
1485758, at *3 (Tex. App.CEl Paso June 30, 2004, no pet.)
(not designated for publication) (same), with Marrow v. State, 169
S.W.3d 328, 330 (Tex. App.CWaco 2005, pet. ref=d) (holding general objection sufficient to preserve Apprendi complaint
because right to jury trial cannot be forfeited absent express waiver), and
Garza v. State, No. 03‑04‑00398‑CR, 2006 WL 1707965, at
*1 (Tex. App.CAustin June 23, 2006, no pet.) (not
designated for publication) (same).    





[2]  The trial court is, however, limited in its ability
to stack a sentence for aggravated kidnapping.  See Tex. Penal Code Ann. ' 3.03(a), (b), 20.04.  See generally Patterson v.
State, 152 S.W.3d 88, 91 (Tex. Crim. App. 2004).  The trial court initially
stacked all four sentences but later amended the stacking order to specify that
the sentence for aggravated kidnapping was to run concurrently with the first
aggravated sexual assault sentence.