

**NUMBER 13-07-359-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**SCOTT HELGERSON,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the 347th District Court of Nueces County, Texas.**

## MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Vela**
**Memorandum Opinion by Justice Yañez**

Appellant, Scott Helgerson, pleaded guilty to three counts of intoxication manslaughter[1] and one count of aggravated assault.[2]  A jury assessed punishment at

---

[1] *See* TEX. PENAL CODE ANN. § 49.08 (Vernon Supp. 2007).

[2] *See id.* § 22.02 (Vernon Supp. 2007).

twenty years' imprisonment and a $10,000 fine on each count. The trial court ordered that the sentences in counts one through three be served consecutively, and that the sentence in the aggravated assault count be served concurrently with the other three counts.[3] By five issues, appellant challenges the trial court's decision to cumulate his sentences (issues one through four) and its refusal to allow him to discuss the consecutive sentencing statute at voir dire (issue five). We affirm.

## I. Background

In December 2007, appellant, then nineteen, was intoxicated when he intentionally ran a stop sign and collided with the victims' vehicle. As a result of the accident, three family members (ten-year-old brother and sister twins and their twenty-four-year-old sister) died. Another sibling was injured in the accident.

## II. Constitutional Challenges to Consecutive Sentencing Statute

By his first issue, appellant contends his Sixth Amendment right to a jury was violated by the judge cumulating his sentences. Appellant argues that based on the United States Supreme Court's decision in *Apprendi v. New Jersey*[4] and subsequent cases,[5] he is entitled to have the jury decide whether his three sentences for intoxication manslaughter should be served consecutively. By his second issue, appellant contends the Texas consecutive sentencing scheme is so "arbitrary and capricious" that it violates

---

[3] A fourth count, for intoxication assault, was abandoned by the State.

[4] *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt").

[5] *See Ring v. Arizona*, 536 U.S. 584 (2002); *Blakely v. Washington*, 542 U.S. 296 (2004).

his right to due process under the federal and state constitutions. In his third issue, appellant contends his right to be free of double jeopardy was violated. In his fourth issue, appellant contends the consecutive sentencing statute violates his right to equal protection under the federal constitution.

The State responds that all of appellant's constitutional challenges to the consecutive sentencing statute have been rejected by Texas courts. We agree.

## A. Standard of Review

When reviewing an attack on the constitutionality of a statute, the appellate court begins with a presumption that the statute is valid and the legislature has not acted unreasonably or arbitrarily.[6] This presumption remains until the party challenging the statute carries its burden to establish its unconstitutionality.[7]

### 1. Right to Jury Trial and Due Process

In *Barrow v. State*, the court of criminal appeals rejected several of the arguments appellant raises in the instant case.[8] The *Barrow* court held that the *Apprendi* line of cases does not "speak to a trial court's authority to cumulate sentences when that authority is provided by statute and is not based upon discrete fact-finding, but is wholly

---

[6] *Luquis v. State*, 72 S.W.3d 355, 365 (Tex. Crim. App. 2002); *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978).

[7] *Luquis*, 72 S.W.3d at 365; *Granviel*, 561 S.W.2d at 511; *Ex parte Ports*, 21 S.W.3d 444, 446 (Tex. App.–San Antonio 2000, pet. ref'd).

[8] *See Barrow v. State*, 207 S.W.3d 377, 379-80 (Tex. Crim. App. 2006).

discretionary."[9] Thus, the court held that the cumulative sentencing statute "does not violate the Sixth Amendment right to a jury trial."[10] The court also rejected the argument that the statutory scheme, which permits a trial court to decide whether to cumulate sentences, violates an appellant's right to due process.[11] We overrule appellant's first two issues.

## 2. Double Jeopardy

In his third issue, appellant contends his right to be free of double jeopardy was violated.

The protection against double jeopardy does not apply where separate and distinct offenses occur during the same transaction.[12] In *Ex parte Rathmell*, the court of criminal appeals held that in prosecutions for involuntary manslaughter involving multiple deaths, each individual death constitutes a complete and distinct offense.[13] The court of criminal appeals has "consistently held defendants, while operating a motor vehicle and committing an unlawful act, may be convicted for each person injured and/or murdered, in violation of a single statute."[14] The double jeopardy clause, therefore, does not bar multiple

---

[9] *Id.* at 379; *see Alameda v. State*, 235 S.W.3d 218, 224 (Tex. Crim. App. 2007) (noting "the *Apprendi* line of cases does not apply to a trial court's decision to cumulate jury-imposed sentences").

[10] *Id.* at 380.

[11] *See id.* at 382 ("We do not believe that the legislatively endowed, normative decision whether to cumulate sentences exceeds that level of discretion that the Supreme Court has always recognized as consistent with due process.").

[12] *Phillips v. State*, 787 S.W.2d 391, 394 (Tex. Crim. App. 1990).

[13] *Ex parte Rathmell*, 717 S.W.2d 33, 35 (Tex. Crim. App. 1986).

[14] *Phillips*, 787 S.W.2d at 394.

convictions in situations where separate and distinct offenses occur during the same transaction.[15] We overrule appellant's third issue.

### 3. Equal Protection

By his fourth issue, appellant contends that the statutory scheme permitting cumulative sentencing for intoxication manslaughter and intoxication assault, in contrast to other criminal offenses, violates his right to equal protection. We disagree.

"Under the Equal Protection Clause, when a classification does not implicate a fundamental right, or place a burden on a suspect class of persons, the proper standard of review is to determine whether there is a rational basis for the different treatment, which is to say, whether the classification bears a rational relationship to a legitimate state interest."[16] The Austin Court of Appeals has rejected the claim that the exemption of intoxication manslaughter under section 3.03(b) of the penal code violates the right to equal protection.[17] We agree with the reasoning of our sister courts in Austin and San Antonio; we hold that the statute bears a rational relationship to a legitimate state interest and does not violate the equal protection clause.[18] We overrule appellant's fourth issue.

### III. Limitation of Voir Dire

By his fifth issue, appellant contends the trial court erred when it refused to permit

---

[15] *Rathmell*, 717 S.W.2d at 36.

[16] *Papke v. State*, 982 S.W.2d 464, 466 (Tex. App.–Austin 1998, pet. ref'd, untimely filed) (citing *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 440 (1985)).

[17] *See id.*

[18] *See id.; see also Perez v. State*, Nos. 04-01-00552-CR, 04-01-00553-CR, 2003 Tex. App. LEXIS 806, at *9 (Tex. App.–San Antonio Jan. 29, 2003, pet. ref'd) (mem. op.) (following *Papke).*

his counsel to discuss the consecutive sentencing statute to the voir dire panel. During voir dire, in questioning the panel regarding the full range of punishment, defense counsel explained that a sentence in excess of ten years could not be probated. In response to a question, he noted that the ten years was "per count," because there were "three separate counts." A prospective juror asked, "Is that concurrent?" The State objected, and the trial court sustained the objection.

Appellant argues that the limitation on discussing the consecutive sentencing statute "impeded [his] voir dire and intelligent use of his strikes." According to appellant, the error "automatically establishes harm and is not subject to a harm analysis."

We are unpersuaded by appellant's argument. In *Barrow*, the court of criminal appeals noted:

> The Legislature was not required to provide the option to cumulate sentences at all. That the Legislature did so provide, but then reserved the cumulation aspect of punishment *for the judge rather than the jury*, does not change its essentially normative, non-fact-bound character.
>
> . . . .
>
> . . . The Legislature has charged the trial court with the determination of whether to cumulate and the trial court is free to make this determination so long as the individual sentences are not elevated beyond their respective statutory maximums.[19]

We also note that the Dallas Court of Appeals recently found that a trial court did not err in denying an appellant's request to instruct the jury that the trial court could cumulate his sentences.[20] The court noted that "[w]hether multiple sentences run

---

[19] *Barrow*, 207 S.W.3d at 381-82 (emphasis added).

[20] *See Estrada v. State*, Nos. 05-06-00394-CR, 05-06-00395-CR, 2007 Tex. App. LEXIS 3892, at *9 (Tex. App.–Dallas May 18, 2007, no pet.) (not designated for publication).

concurrently or consecutively is a matter left to the trial court's discretion," and was thus "not a matter that the trial court was required to submit to the jury."[21] We hold that because the legislature has charged the trial court—not the jury—with the determination of whether to cumulate sentences, the trial court did not err in denying appellant's request to discuss the cumulative sentencing statute with the jury panel on voir dire. We overrule appellant's fifth issue.

## IV. Conclusion

We affirm the trial court's judgment.

LINDA REYNA YAÑEZ,
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 28th day of August, 2008.

---

[21] *Id.*