COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-338-CR

 

 

KENDRICK JACKSON                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 158TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

                                                    

                                              ------------

I.  Introduction








Appellant Kendrick Jackson appeals the two
consecutive life sentences he received after he was convicted of two counts of
sexual assault, enhanced by two prior felony convictions.  In two issues, Jackson argues that the trial
court erred by admitting an exhibit during punishment that listed fourteen
extraneous offenses because (1) he had not received notice of the State=s intent
to use the extraneous offenses and (2) the trial court did not require the jury
to make a separate finding that Jackson had committed the fourteen extraneous
offenses.  We will affirm.

II.  Background[2]

Shortly after the jury returned a guilty verdict
on both counts of sexual assault, the punishment phase of trial commenced.  The State admitted into evidence without
objection a fingerprint card, a judgment from Dallas County for the felony of
aggravated sexual assault with a deadly weapon (a firearm), and a judgment from
Dallas County for the felony of aggravated assault with a deadly weapon (not a
firearm).  When the State attempted to
admit into evidence Jackson=s pen
packet from the Texas Department of Corrections, Jackson objected as follows:

[JACKSON=S ATTORNEY]:  There=s parts in here that I object to that have
nothing to do with the conviction.  It
has to do with stuff that went on at TDC that I ask to be stricken.  And to put this into the record, I probably
need a few more minutes just to keep thumbing through it until I figure out
which parts to object to.

 

[THE STATE]:  Judge, what it is is a disciplinary pen pack.

 

. . . .

 








[JACKSON=S ATTORNEY]:  Two, I wish to -- I=m trying to figure out
the best way to make this objection, but there are a number of pages on State=s Exhibit 2.  Each one, I guess, can be identified as
TDCJ-ID disciplinary report and hearing record, and I=m only estimating, there
must be like 60 pages.

 

Is that an approximate number, since they=re not numbered in this
exhibit?

 

[THE STATE]:  Sure.

 

[JACKSON=S ATTORNEY]:  My objection is that these particular
matters, if brought into evidence, would violate my client=s constitutional right
under the Sixth Amendment,[3]
and in particular, I=m invoking the language
-- or the decision of the U.S. Supreme Court in Blakely versus Washington, 2004
Supreme Court case, and I believe that it violates his constitutional
rights.  So for that I would ask that
those be deleted out and not considered.

 

[THE STATE]:  Judge, my response is, first of all, it=s a TDC pen pack, and TDC
pen packs -- the packet in its entirety is self-authenticating and therefore
not hearsay and should be admitted into evidence.  Also under Code of [C]riminal Procedure
37.07, all prior bad acts of the defendant are admissible.

 

[JACKSON=S ATTORNEY]:  And I had one other objection.  They may have done this, but just in case
they didn=t, I think I had
requested all extraneous prior acts, and I don=t know if that was
actually given to me regarding this part of his background.

 

[THE STATE]:  That was, Judge.  That was in the 404.  The State noticed [Jackson=s attorney] on the 404.

 

[JACKSON=S ATTORNEY]:  Okay. 
If they did, then I accept that.

 








THE COURT:
Overruled.  It is admitted.

 

After hearing the evidence and arguments of
counsel, the jury assessed Jackson=s
punishment at life imprisonment on each count. 
The trial court noted that the State had filed a motion for cumulative
sentences and granted the motion.  The
trial court thereafter sentenced Jackson in accordance with the jury=s
assessment and ordered that the sentences run consecutively.

III.  Acceptance of State=s
Notice Explanation 

Operated
to Withdraw Objection

 








In his first issue, Jackson argues that the trial
court erred by admitting the fourteen extraneous offenses listed in the pen
packet identified as State=s
Exhibit 2 because the fourteen extraneous offenses had not been disclosed as
required by Texas Rule of Evidence 404. 
As set forth above, however, after objecting, Jackson=s trial
counsel stated on the record that he accepted the State=s
assertion that it had given him timely notice pursuant to Rule 404.  When Jackson=s trial
counsel accepted the State=s
assertion that it had provided proper notice, he essentially relieved the trial
court of any obligation to look into the type of notice that was given or to
determine whether the notice was timely. 
Consequently, Jackson=s trial
counsel=s
acceptance of the State=s assertion that it had provided
proper notice operated to withdraw his objection; the trial court was no longer
required to inquire into the notice matter, the State was not given an
opportunity to further develop the record concerning notice, and the exclusion
of the evidence based on lack of notice was no longer requested.  Consequently, we cannot reverse on this
issue.  See Hailey v. State, 87 S.W.3d
118, 122 (Tex. Crim. App. 2002) (stating the rule that Aa trial
court=s
decision will not be reversed on a theory the trial court did not have an
opportunity to rule upon and upon which the non-appealing party did not have an
opportunity to develop a complete factual record@), cert.
denied, 583 U.S. 1060 (2003).  We
therefore overrule Jackson=s first
issue.

IV.  No Separate Jury Finding Required on
Extraneous Acts

In his second issue, Jackson argues that the
trial court erred by admitting the fourteen extraneous offenses listed in the
pen packet in State=s Exhibit 2 without requiring a
separate finding by the jury that Jackson had committed the extraneous
offenses.  Specifically, Jackson argues
that the trial court used the extraneous offenses to increase the maximum
punishment allowed under the law in violation of Blakely v. Washingon
and his Sixth Amendment rights by ordering the two life sentences to be served
consecutively.  542 U.S. 296, 299B301, 124
S. Ct. 2531, 2536 (2004).








If the State offers evidence of extraneous
offenses or bad acts during the punishment phase of a trial, then the trial
court must charge the jury that it can consider such evidence only if it finds
beyond a reasonable doubt that the defendant committed the extraneous
offenses.  Tex. Code Crim. Proc. Ann.
art. 37.07, ' 3(a)(1) (Vernon 2006 &
Supp. 2008) (the State may offer Aany
other evidence of an extraneous crime or bad act that is shown beyond a
reasonable doubt by evidence to have been committed by the defendant or for
which he could be held criminally responsible, regardless of whether he has
previously been charged with or finally convicted of the crime or act@); see
Huizar v. State, 12 S.W.3d 479, 483B84 (Tex.
Crim. App. 2000) (holding that there is a statutory requirement that the jury
find beyond a reasonable doubt that extraneous offenses and bad acts are
attributable to the defendant before the jury can consider them in assessing
punishment).  Huizar, however,
does not require a separate affirmative finding of guilt as to each extraneous
offense or bad act.  12 S.W.3d at 483B84.  In addition, Blakely holds that any
fact that increases the penalty for a crime beyond the prescribed statutory
maximum, defined as the maximum the judge may impose without finding any
additional facts, must be affirmatively found by the jury beyond a reasonable
doubt.  542 U.S. at 299B301, 124
S. Ct. at 2536; Woods v. State, 152 S.W.3d 105, 120 (Tex. Crim. App.
2004), cert. denied, 544 U.S. 1050 (2005).













Here, the record reveals that the trial court
gave the jury a proper reasonable doubt instruction; that is, the jury was
asked to determine Jackson=s guilt
of the extraneous offenses or bad acts beyond a reasonable doubt and was
instructed not to consider the evidence of the extraneous offenses or bad acts
unless they found him guilty of those offenses or bad acts beyond a reasonable
doubt.  See Smith v. State, No.
02-08-00016-CR, 2009 WL 279490, at *2 (Tex. App.CFort
Worth Feb. 5, 2009, no pet.) (mem. op., not designated for publication).  The charge also set forth a punishment range
that included life imprisonment, which was within the statutory maximum for the
offense.  See Tex. Penal Code Ann.
' 22.011(a)(1),
(f) (Vernon 2003 & Supp. 2008) (setting forth requisites of sexual assault
and stating that it is a second-degree felony), ' 12.42(b)
(Vernon 2003 & Supp. 2008) (stating that if it is shown on the trial of a
second-degree felony that the defendant has been once before convicted of a
felony, on conviction he shall be punished for a first-degree felony), '
12.32(a) (Vernon 2003) (stating that punishment for first-degree felony is
imprisonment for life or for any term of not more than ninety-nine years or
less than five years).  Because the
sentence sought by the State was within the statutory maximum possible sentence
for the offense and because the jury assessed a punishment within that maximum,
Blakely does not apply, and the jury was not required to make a separate
affirmative finding of guilty on the extraneous offenses and bad acts admitted
during the punishment phase.  See Rios
v. State, 263 S.W.3d 1, 11 (Tex. App.CHouston
[1st Dist.] 2005, pet. dism=d,
untimely filed); see also Scott v. State, No. 02-08-00333-CR, 2009 WL
1099425, at *7 (Tex. App.CFort Worth Apr. 23, 2009, pet.
ref=d) (mem.
op., not designated for publication) (holding that Blakely was
inapplicable when jury set punishment within statutory range, the basis of
which included an instruction that the complained-of allegations against
appellant had to be proven beyond a reasonable doubt); Dick v. State,
No. 14-04-00279-CR, 2005 WL 1771675, at *2 (Tex. App.CHouston
[14th Dist.] July 28, 2005, no pet.) (mem. op., not designated for publication)
(involving evidence of extraneous offenses in PSI and holding that Blakely
was not applicable when sentence was within statutory range of punishment).








Moreover, the Texas Court of Criminal Appeals has
determined that a trial court=s
decision whether to cumulate sentences is a normative, discretionary function
that does not turn on findings of fact.  Barrow
v. State, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006).  So, even when a jury assesses punishment for
two separate counts of sexual assault and two sentences are imposed based on
the jury=s
verdict, a trial court may order that the sentences run consecutively.  See Alameda v. State, 235 S.W.3d 218,
224 (Tex. Crim. App.), cert. denied, 128 S. Ct. 629 (2007); see also
Aguilar v. State, 202 S.W.3d 840, 841 (Tex. App.CWaco
2006, pet. ref=d) (stating that the statutory
maximum for each offense remains unchanged regardless of whether the trial
court orders the defendant to serve the sentences sequentially rather than
concurrently).  Because each of Jackson=s
sentences lies within the prescribed statutory range, the trial court=s
judgment requiring Jackson=s
sentences to be served consecutively did not cause Jackson=s
sentence for the instant offense to exceed the statutory maximum and does not
violate his Sixth Amendment right to trial by jury.  See Tex. Code Crim. Proc. Ann. art.
42.08(a) (Vernon 2006) (giving trial court discretion whether to set sentences
to run concurrently or consecutively); Tyson v. State, 172 S.W.3d 172,
177 (Tex. App.CFort Worth 2005, pet. ref=d)
(holding that trial court did not violate the Apprendi - Blakely
- Ring line of cases when it stacked appellant=s
sentences in accordance with article 42.08); see also Aguilar, 202
S.W.3d at 842 (same); Baylor v. State, 195 S.W.3d 157, 160 (Tex. App.CSan
Antonio 2006, no pet.) (same).  We
therefore overrule Jackson=s second
issue.

V.  Conclusion

Having overruled Jackson=s two
issues, we affirm the trial court=s
judgment.

 

SUE
WALKER

JUSTICE

 

PANEL: DAUPHINOT,
GARDNER, and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: October 1,
2009











[1]See Tex. R. App. P. 47.4.





[2]Because Jackson raises
issues related only to the punishment phase of his trial and does not challenge
the sufficiency of the evidence to support his conviction, we omit a detailed
factual background concerning the offense.





[3]Jackson does not complain
in this appeal of the trial court=s ruling on his Sixth Amendment objection.