

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-08-338-CR

KENDRICK JACKSON                                          APPELLANT

V.

THE STATE OF TEXAS                                            STATE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Kendrick Jackson appeals the two consecutive life sentences he received after he was convicted of two counts of sexual assault, enhanced by two prior felony convictions. In two issues, Jackson argues that the trial court erred by admitting an exhibit during punishment that listed fourteen extraneous offenses because (1) he had not received notice of the State's

---

[1] _See_ Tex. R. App. P. 47.4.

intent to use the extraneous offenses and (2) the trial court did not require the jury to make a separate finding that Jackson had committed the fourteen extraneous offenses. We will affirm.

## II. BACKGROUND[2]

Shortly after the jury returned a guilty verdict on both counts of sexual assault, the punishment phase of trial commenced. The State admitted into evidence without objection a fingerprint card, a judgment from Dallas County for the felony of aggravated sexual assault with a deadly weapon (a firearm), and a judgment from Dallas County for the felony of aggravated assault with a deadly weapon (not a firearm). When the State attempted to admit into evidence Jackson's pen packet from the Texas Department of Corrections, Jackson objected as follows:

> [JACKSON'S ATTORNEY]: There's parts in here that I object to that have nothing to do with the conviction. It has to do with stuff that went on at TDC that I ask to be stricken. And to put this into the record, I probably need a few more minutes just to keep thumbing through it until I figure out which parts to object to.
>
> [THE STATE]: Judge, what it is is a disciplinary pen pack.
>
> . . . .

---

[2] ... Because Jackson raises issues related only to the punishment phase of his trial and does not challenge the sufficiency of the evidence to support his conviction, we omit a detailed factual background concerning the offense.

2

[JACKSON'S ATTORNEY]: Two, I wish to -- I'm trying to figure out the best way to make this objection, but there are a number of pages on State's Exhibit 2. Each one, I guess, can be identified as TDCJ-ID disciplinary report and hearing record, and I'm only estimating, there must be like 60 pages.

Is that an approximate number, since they're not numbered in this exhibit?

[THE STATE]: Sure.

[JACKSON'S ATTORNEY]: My objection is that these particular matters, if brought into evidence, would violate my client's constitutional right under the Sixth Amendment,[3] and in particular, I'm invoking the language -- or the decision of the U.S. Supreme Court in Blakely versus Washington, 2004 Supreme Court case, and I believe that it violates his constitutional rights. So for that I would ask that those be deleted out and not considered.

[THE STATE]: Judge, my response is, first of all, it's a TDC pen pack, and TDC pen packs -- the packet in its entirety is self-authenticating and therefore not hearsay and should be admitted into evidence. Also under Code of [C]riminal Procedure 37.07, all prior bad acts of the defendant are admissible.

[JACKSON'S ATTORNEY]: And I had one other objection. They may have done this, but just in case they didn't, I think I had requested all extraneous prior acts, and I don't know if that was actually given to me regarding this part of his background.

[THE STATE]: That was, Judge. That was in the 404. The State noticed [Jackson's attorney] on the 404.

[JACKSON'S ATTORNEY]: Okay. If they did, then I accept that.

---

[3]... Jackson does not complain in this appeal of the trial court's ruling on his Sixth Amendment objection.

THE COURT: Overruled. It is admitted.

After hearing the evidence and arguments of counsel, the jury assessed Jackson's punishment at life imprisonment on each count. The trial court noted that the State had filed a motion for cumulative sentences and granted the motion. The trial court thereafter sentenced Jackson in accordance with the jury's assessment and ordered that the sentences run consecutively.

### III. ACCEPTANCE OF STATE'S NOTICE EXPLANATION OPERATED TO WITHDRAW OBJECTION

In his first issue, Jackson argues that the trial court erred by admitting the fourteen extraneous offenses listed in the pen packet identified as State's Exhibit 2 because the fourteen extraneous offenses had not been disclosed as required by Texas Rule of Evidence 404. As set forth above, however, after objecting, Jackson's trial counsel stated on the record that he accepted the State's assertion that it had given him timely notice pursuant to Rule 404. When Jackson's trial counsel accepted the State's assertion that it had provided proper notice, he essentially relieved the trial court of any obligation to look into the type of notice that was given or to determine whether the notice was timely. Consequently, Jackson's trial counsel's acceptance of the State's assertion that it had provided proper notice operated to withdraw his objection; the trial court was no longer required to inquire into the notice

4

matter, the State was not given an opportunity to further develop the record concerning notice, and the exclusion of the evidence based on lack of notice was no longer requested. Consequently, we cannot reverse on this issue. *See Hailey v. State*, 87 S.W.3d 118, 122 (Tex. Crim. App. 2002) (stating the rule that "a trial court's decision will not be reversed on a theory the trial court did not have an opportunity to rule upon and upon which the non-appealing party did not have an opportunity to develop a complete factual record"), *cert. denied*, 583 U.S. 1060 (2003). We therefore overrule Jackson's first issue.

## IV. NO SEPARATE JURY FINDING REQUIRED ON EXTRANEOUS ACTS

In his second issue, Jackson argues that the trial court erred by admitting the fourteen extraneous offenses listed in the pen packet in State's Exhibit 2 without requiring a separate finding by the jury that Jackson had committed the extraneous offenses. Specifically, Jackson argues that the trial court used the extraneous offenses to increase the maximum punishment allowed under the law in violation of *Blakely v. Washingon* and his Sixth Amendment rights by ordering the two life sentences to be served consecutively. 542 U.S. 296, 299–301, 124 S. Ct. 2531, 2536 (2004).

If the State offers evidence of extraneous offenses or bad acts during the punishment phase of a trial, then the trial court must charge the jury that it can consider such evidence only if it finds beyond a reasonable doubt that the

5

defendant committed the extraneous offenses. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon 2006 & Supp. 2008) (the State may offer "any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act"); *see Huizar v. State*, 12 S.W.3d 479, 483–84 (Tex. Crim. App. 2000) (holding that there is a statutory requirement that the jury find beyond a reasonable doubt that extraneous offenses and bad acts are attributable to the defendant before the jury can consider them in assessing punishment). *Huizar*, however, does not require a separate affirmative finding of guilt as to each extraneous offense or bad act. 12 S.W.3d at 483–84. In addition, *Blakely* holds that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, defined as the maximum the judge may impose without finding any additional facts, must be affirmatively found by the jury beyond a reasonable doubt. 542 U.S. at 299–301, 124 S. Ct. at 2536; *Woods v. State*, 152 S.W.3d 105, 120 (Tex. Crim. App. 2004), *cert. denied*, 544 U.S. 1050 (2005).

Here, the record reveals that the trial court gave the jury a proper reasonable doubt instruction; that is, the jury was asked to determine Jackson's guilt of the extraneous offenses or bad acts beyond a reasonable doubt and

6

was instructed not to consider the evidence of the extraneous offenses or bad acts unless they found him guilty of those offenses or bad acts beyond a reasonable doubt. *See Smith v. State*, No. 02-08-00016-CR, 2009 WL 279490, at *2 (Tex. App.—Fort Worth Feb. 5, 2009, no pet.) (mem. op., not designated for publication). The charge also set forth a punishment range that included life imprisonment, which was within the statutory maximum for the offense. *See* Tex. Penal Code Ann. § 22.011(a)(1), (f) (Vernon 2003 & Supp. 2008) (setting forth requisites of sexual assault and stating that it is a second-degree felony), § 12.42(b) (Vernon 2003 & Supp. 2008) (stating that if it is shown on the trial of a second-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a first-degree felony), § 12.32(a) (Vernon 2003) (stating that punishment for first-degree felony is imprisonment for life or for any term of not more than ninety-nine years or less than five years). Because the sentence sought by the State was within the statutory maximum possible sentence for the offense and because the jury assessed a punishment within that maximum, *Blakely* does not apply, and the jury was not required to make a separate affirmative finding of guilty on the extraneous offenses and bad acts admitted during the punishment phase. *See Rios v. State*, 263 S.W.3d 1, 11 (Tex. App.—Houston [1st Dist.] 2005, pet. dism'd, untimely filed); *see also Scott v. State*, No. 02-08-00333-

7

CR, 2009 WL 1099425, at *7 (Tex. App.—Fort Worth Apr. 23, 2009, pet. ref'd) (mem. op., not designated for publication) (holding that *Blakely* was inapplicable when jury set punishment within statutory range, the basis of which included an instruction that the complained-of allegations against appellant had to be proven beyond a reasonable doubt); *Dick v. State*, No. 14-04-00279-CR, 2005 WL 1771675, at *2 (Tex. App.—Houston [14th Dist.] July 28, 2005, no pet.) (mem. op., not designated for publication) (involving evidence of extraneous offenses in PSI and holding that *Blakely* was not applicable when sentence was within statutory range of punishment).

Moreover, the Texas Court of Criminal Appeals has determined that a trial court's decision whether to cumulate sentences is a normative, discretionary function that does not turn on findings of fact. *Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006). So, even when a jury assesses punishment for two separate counts of sexual assault and two sentences are imposed based on the jury's verdict, a trial court may order that the sentences run consecutively. *See Alameda v. State*, 235 S.W.3d 218, 224 (Tex. Crim. App.), *cert. denied*, 128 S. Ct. 629 (2007); *see also Aguilar v. State*, 202 S.W.3d 840, 841 (Tex. App.—Waco 2006, pet. ref'd) (stating that the statutory maximum for each offense remains unchanged regardless of whether the trial court orders the defendant to serve the sentences sequentially rather than

concurrently). Because each of Jackson's sentences lies within the prescribed statutory range, the trial court's judgment requiring Jackson's sentences to be served consecutively did not cause Jackson's sentence for the instant offense to exceed the statutory maximum and does not violate his Sixth Amendment right to trial by jury. *See* Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon 2006) (giving trial court discretion whether to set sentences to run concurrently or consecutively); *Tyson v. State*, 172 S.W.3d 172, 177 (Tex. App.—Fort Worth 2005, pet. ref'd) (holding that trial court did not violate the *Apprendi - Blakely - Ring* line of cases when it stacked appellant's sentences in accordance with article 42.08); *see also Aguilar*, 202 S.W.3d at 842 (same); *Baylor v. State*, 195 S.W.3d 157, 160 (Tex. App.—San Antonio 2006, no pet.) (same). We therefore overrule Jackson's second issue.

V. CONCLUSION

Having overruled Jackson's two issues, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 1, 2009

9